[S. F. No. 490.   Department Two.—January 27, 1897.]

SOPHIE KAHN ET AL., RESPONDENTS, v. MARY ELIZABETH MATTHAI, APPELLANT.

APPEAL FROM JUDGMENT.—An appeal from a judgment is a direct attack thereon. But upon such appeal the judgment and its recitals will be presumed to be correct unless the contrary is made to appear.

ID.—SUMMONS — PUBLICATION—JUDGMENT BY DEFAULT—JURISDICTION.— Under section 670 of the Code of Civil Procedure, as amended in 1895, where service of summons is made by publication, the affidavit and the order directing its publication constitute part of the judgment-roll; and where such documents show, on an appeal from a judgment by default in an action to foreclose a mortgage, that a summons in fact issued, that it was sufficient in form, and that it was duly served by publication, and the judgment itself recites such service, a sufficient *prima facie* showing is made to give the court jurisdiction of the person of the defendant, although the original summons is absent from the judgment-roll.

ID.—AFFIDAVIT FOR PUBLICATION —SHOWING AN ATTEMPT AT SERVICE.— An affidavit for publication of summons must show with accuracy the efforts made to serve the defendant; and a mere statement therein, by the attorney for the plaintiff, that he had placed the summons and complaint in the hands of five different persons (naming them) for service, and that they returned them with the information that they could not find the defendant or see her, and that she could not be found in the county, is but hearsay and insufficient.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   D. J. MURPHY, Judge.

The facts are stated in the opinion.

CXV. CAL.—44

*J. Brooks Palmer*, for Appellant.

*Joseph Rothschild*, for Respondents.

SEARLS, C.—This is an appeal from a judgment of the superior court in and for the city and county of San Francisco foreclosing a mortgage, executed by the defendant upon certain real estate in said city and county, to secure the payment of a promissory note made by defendant January 17, 1891, for two thousand dollars, payable to the plaintiff Sophie Kahn, with interest as specified, one year after date.

Defendant appeals from the judgment, and brings the cause up on the judgment-roll, without any bill of exceptions.

The complaint was filed January 3, 1894, and a summons issued, which, not being personally served, on February 20, 1894, an order for publication of summons was made, upon due proof of publication of which, and upon proof that a copy of said summons and copy of the complaint had been forwarded to defendant by United States mail prepaid, etc., the default of defendant for failure to answer was entered May 27, 1895, and thereafter and on January 6, 1896, judgment was entered by the court in the usual form for foreclosure of the mortgage. The original summons is not found in the judgment-roll.

Two points are urged in favor of reversal: 1. That the judgment and clerk's entry of default are void for want of return of summons; 2. That the judgment is void because not supported by a sufficient affidavit for publication of summons.

Upon the first point made, it may be remarked that this appeal is a direct attack upon the judgment. To say that a judgment is void for want of return of the summons must be tantamount to saying that the judgment-roll fails to show that the court obtained jurisdiction of the defendant, and hence that the judgment is void.

The evidence on the subject of jurisdiction of the person of the defendant in the present case, as disclosed by the roll, is as follows: 1. The affidavit for publication of summons shows that a summons issued; 2. The order of publication shows the same thing; 3. The affidavit of the printer showing publication contains a copy of the summons; 4. The affidavit of Isadore Harris shows that he mailed a copy of the summons and copy of the complaint, etc., to defendant at her place of residence; 5. The decree states, among other things, "that the court, having heard all the evidence and proofs, . . . . and it appearing therefrom to the satisfaction of the court: 1. That Mary E. Matthai, the above-named defendant, has been duly and regularly summoned to answer under the plaintiffs' complaint herein, and had made default in that behalf, and that the default of the defendant . . . . has been duly and regularly entered," etc.

Do these facts afford sufficient proof of service to make out a *prima facie* case, which will support the judgment upon a direct attack until rebutted?

Under our code as it formerly existed the affidavit for publication of summons and the order for such publication formed no part of the judgment-roll, but now under section 670 of the Code of Civil Procedure, as amended in 1895 (Stats. 1895, p. 45), the affidavit or proof of service of the summons, "and in case where the service so made be by publication, the affidavit for publication of summons, and the order directing the publilication of summons, must also be included" in the judgment-roll.

The facts necessary to be stated therein are equally evidence of the steps by which jurisdiction of the person of the defendant is obtained as the original summons itself. It is true, the code requires the summons to be embodied in the judgment-roll, but if absent therefrom, and it appears that a summons in fact issued, with evidence of its contents, showing it to be regular and sufficient in form, and that it was duly served, such a

*prima facie* case is made as to jurisdiction of the person of the defendant, even in the absence of the original summons, as will support the judgment upon a direct attack by appeal. If there was no original summons, the fact could easily be made to appear by a bill of exceptions. The main difference between collateral and direct attacks upon a judgment and its recitals is, that upon collateral attack the record alone can be inspected, and it is conclusively presumed to be correct, while on direct attack the true facts may be shown in contradiction of the record, and thus the judgment itself on appeal may be reversed or modified. But the judgment and its recitals will be presumed to be correct upon appeal unless the contrary is made to appear. (*Lyons* v. *Roach*, 84 Cal. 27; *Sichler* v. *Look*, 93 Cal. 606; *Norton* v. *Atchison etc. R. R. Co.*, 97 Cal. 396; *Lick* v. *Stockdale*, 18 Cal. 219.)

As to the point of the insufficiency of the affidavit for publication of summons, we are of opinion the contention of appellant must be upheld.

The affidavit is full and explicit as to the cause of action, its nature, the parties, etc., but is fatally defective in failing to show with accuracy the efforts made to serve defendant with summons. It states in substance that plaintiff's attorney placed the summons and complaint in the hands of five different persons (naming them) for service, and that they returned them with the information that they could not find defendant or see her, and that she cannot be found in the city or county. This statement is but hearsay, and may be wholly untrue, in fact, without any impeachment of the truthfulness of the affiant. Where service of process upon a defendant within the county is attempted to be made by a person other than the sheriff, his affidavit should as a rule be required, showing the nature of the effort made to serve the party, and, where practicable, the reasons why such service cannot be had.

The affidavit then proceeds to state that the affiant believes and is certain the defendant is in the city and county of San Francisco, and that to the best of

affiant's knowledge defendant resides at 912 Seventeenth street, and that said defendant has evaded the service of summons.  That affiant and her attorney have both spoken to the "two daughters of the defendant, requesting them to allow the said defendant to be served with the said copy of summons and complaint; and that said daughters, and each of them, both being of legal age, refuse to allow the defendant herein to be served with said papers, and are using every endeavor in their power to prevent said service."

From this rather singular statement it cannot be determined that any duty devolves upon the daughters of defendant to permit or to aid in the service of process upon defendant, or in what manner they have thwarted such service, or that they are colluding with the defendant to evade the service of summons.

We are of opinion the affidavit was insufficient to uphold the order of publication of summons, and hence that the court below failed to obtain jurisdiction of the person of the defendant.

The judgment should, therefore, be reversed, and the cause remanded.

HAYNES, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded.

TEMPLE, J., HENSHAW, J., McFARLAND, J.

Hearing in Bank denied.