[Civ. No. 7494. Second Appellate District, Division One.—November 15, 1932.]

THOMAS M. NARUM, Appellant, v. J. R. CHEATHAM, Respondent.

Samuel A. Rosenthal for Appellant.

Charles S. McKelvey for Respondent.

CONREY, P. J.—In this action to recover damages for personal injuries resulting to plaintiff by reason of negligence of the defendant, the complaint was filed and summons issued April 17, 1926. On August 3, 1926, an order for publication of summons was signed and filed. This order was granted upon the sole ground that from the affidavit of the plaintiff filed therewith it satisfactorily appeared to the judge that the defendant "cannot after due diligence be found within this state"; that the complaint showed a good cause of action; that summons had been duly issued and that personal service thereof could not be made upon the defendant for· the reason above stated and by said affidavit made to appear.

Aside from publication and mailing in accordance with said order, there was no service of summons until April 28, 1929, when personal service was made on the defendant. Thereupon the defendant upon due notice presented his motion to quash and vacate the summons and the pretended service thereof upon certain stated grounds, and also that the action be dismissed upon the ground the summons was not served within three years from the date thereof. That motion having been granted, and the court having entered

its order dismissing the action, the plaintiff appeals from said order.

An order for publication of summons, based solely upon a finding that the defendant "cannot after due diligence be found within this state", is void when the affidavit which constituted the evidence in support of that finding does not contain any evidence tending to prove any diligent effort to find the defendant. In the attempt to make such service the quality of diligence must be present, at least to the extent of a reasonable degree of perseverance. "A judgment or order is said to be void on its face when the invalidity is apparent upon an inspection of the judgment-roll. (*People* v. *Davis*, 143 Cal. 673 [77 Pac. 651].) It follows, therefore, that if the affidavit upon which the order directing publication of summons was had in this action fails, as urged by the appellant, to comply with the provisions of section 412 of the Code of Civil Procedure, the default judgment thereafter entered on such defective service would be void on its face, and the trial court at any time could have properly set it aside." (*Morgan* v. *Clapp*, 207 Cal. 221, 224 [277 Pac. 490].) "There is no doubt of the right of a judge to vacate an order for publication of summons where, upon examination of the affidavit, he finds a total lack of a statement of facts sufficient to authorize the order to be made in the first instance; and we may say further that such right might exist where it appeared that the affidavit was fraudulent." (*Porter* v. *Superior Court*, 30 Cal. App. 608, 611 [159 Pac. 222].)

In the case at bar, the affidavit for publication of summons was made by the plaintiff. It did not state any fact known to the plaintiff and tending to prove that the defendant could not be found at his place of residence in the city of Los Angeles, although that place of residence was known and was actually stated in the affidavit. Affiant did state that his attorney had "placed copies of the original complaint and summons in the hands of process servers, who have made numerous attempts to serve defendant at his residence . . . but have been unable to find the within named defendant"; also that said process servers had been repeatedly told by the wife of defendant that the defendant "is to be found at the Paymaster Mine in Imperial County". It is plain on the face of the affidavit that the plaintiff was

not stating any of these facts as within his own knowledge, other than the fact of defendant's residence at the named place in Los Angeles. This affidavit also referred to an attached certificate of the sheriff of Imperial County, wherein that officer under date July 23, 1926, certified that he received the summons on June 18, 1926, and after due search and diligent inquiry was unable to find the defendant in the county of Imperial. From such certificate, together with said affidavit, it appears that the "numerous attempts" of the alleged process servers were made prior to the eighteenth day of June, and at least six weeks before the date of the plaintiff's affidavit. If any effort actually was made to serve the summons on the defendant it would seem that an affidavit might have been obtained from at least one of said process servers. There is no claim or pretense in the plaintiff's affidavit, or in the order for publication of summons, that the defendant was concealing himself, and it seems to us that it would be entirely unreasonable to hold that an order of publication made upon the grounds stated in the order made in this case has any legal support in the purely hearsay statements of the plaintiff's affidavit. We are satisfied that the affidavit in no substantial way tends to prove the facts necessary to support the order for publication of summons. It should be noted, moreover, that the record does not show any entry of default, and there has been no judgment in the action except the judgment of dismissal.

█ Since there was no service of summons within three years after commencement of the action, the court was authorized to enter its order of dismissal. (Code Civ. Proc., sec. 581a.)

The order is affirmed, and the judgment of dismissal is affirmed.

Houser, J., and York, J., concurred.