[Civ. No. 1002.  Fourth Appellate District.—March 1, 1933.]

In the Matter of the Application of L. E. BEHYMER et al., for Initial Registration of Title to Land. LYNDEN E. BEHYMER et al., Respondents, v. HERMANN H. SCHRADER et al., Appellants.

Elijah M. Smuckler and Crocker & Steelman for Appellants.

Chauncey E. Snow, Jr., *in pro. per.*, and Harmel L. Pratt for Respondents.

VAN ZANTE, J., *pro tem.*—On July 28, 1927, under the Land Title Law, petitioners filed a petition with the clerk of the Superior Court of Los Angeles County for initial registration of title to a city lot in the city of Long Beach. The contestants filed an answer wherein they alleged "that they are the owners in fee simple, as joint tenants, and are in possession and entitled to the possession of said property". The matter was heard before a referee whose findings were adopted by the court and judgment was rendered in favor of petitioners.

Respondents claim title through a deed from the Long Beach and Alamitos Improvement Company, dated March 7, 1912, which was recorded August 17, 1926. Appellants claim title through a judgment against the Long Beach and Alamitos Improvement Company quieting title, a tax deed, and by adverse possession. The judgment quieting title, and the tax deed, were obtained by appellants between the above-named dates. Appellants also claim that the title vested in them between these dates by adverse possession. It is through these several sources of title, and because of them, that appellants contend the judgment of the trial court should be reversed. These will be discussed in the order in which appellants have stated them.

It is conceded that the attack made on the judgment quieting title is collateral and not direct. ''The chief distinction between a collateral and a direct attack upon such a judgment is that in a collateral attack the evidence which may be received to show excess of jurisdiction is restricted to the judgment-roll as defined by law at the time of the rendition of the judgment. But where by a resort to such evidence the want of vitality in the judgment is demonstrated, the duty to declare it void is as imperative on collateral as on direct attack.'' (*Gray* v. *Hall,* 203 Cal. 306, 321 [265 Pac. 246, 254].)

''However, a judgment or order void on its face may be vacated on motion made at any time, or the court may, of its own motion, set it aside or disregard it, regardless of how the invalidity is brought to its attention. (*People* v. *Davis,* 143 Cal. 673 [77 Pac. 651]; *Reher* v. *Reed,* 166 Cal. 525, 528 [137 Pac. 263, Ann. Cas. 1915C, 737].) A judgment or order is said to be void on its face when the invalidity is apparent upon an inspection of the judgment-roll. (*People* v. *Davis, supra.*) It follows, therefore, that if the affidavit upon which the order directing publication of summons was had in this action fails, as urged by the appellant, to comply with the provisions of section 412 of the Code of Civil Procedure, the default judgment thereafter entered on such defective service would be void on its face, and the trial court at any time could have properly set it aside.'' (*Morgan* v. *Clapp,* 207 Cal. 221, 224 [277 Pac. 490, 491].)

One of the papers constituting the judgment-roll in the proceeding quieting title is the affidavit for publication

of summons. It is contended by respondents that this affidavit is insufficient and that the judgment quieting title based thereon is void. The affidavit, omitting the formal requisites, reads as follows: "Hermann H. Schrader, being sworn, says: The complaint in the above entitled action was filed in the office of the County Clerk of the County of Los Angeles, on the 17th day of March, 1924, and summons was duly issued thereon. The action herein is brought for the purpose of quieting title to real estate in this state as will appear by the verified complaint. Defendant (1) resides out of the State of California; (2) has departed from the State of California; (3) cannot, after due diligence, be found within the State of California; (4) conceals himself to avoid the service of Summons; as will appear from the following facts and circumstances: (Here insert or attach statement of Specific Facts. See foot note. The requirements of the foot note must be complied with, or no order will be granted.) That it appears by said complaint, on file that this is an action which relates to real estate, in this state, in which such persons and said Corporation defendant claims a lien of interest actual or contingent to the property described therein, and that the relief demanded consists wholly in excluding the said defendants, and Corporation, from any interest therein. That affiant employed one William D. McClaflin of 5336 Aldama Street, Los Angeles, to ascertain the whereabouts of any of the defendants, and is informed by him that he could not find any of the officers of said defendant Corporation, and was informed that said Corporation had defaulted its Charter, and was not now in existence, that he had interviewed the City assessor, Tax Collector and City Clerk of Long Beach, California, where said Corporation had its principal office, and at the Alamitos Land Company who own property near said lot, and could not learn from any of them the whereabouts of any of the said defendants. That there has not been filed by or on behalf of defendant in the office of the County Recorder of said County of Los Angeles, any certificate of residence as provided in Section 1163 of the Civil Code of California."

"A test of the sufficiency of an affidavit is whether it is so clear and certain that an indictment for perjury may be sustained on it if false." (*Gee Chong Pong* v. *Harris*, 38 Cal. App. 214, 217 [175 Pac. 806, 807], citing 2 C. J. 348.)

Evidently the affidavit in question does not meet this test. Every averment with reference to showing diligence is based on information obtained from another, and, even if false, affiant would not be criminally liable for perjury.

The affidavit is also insufficient in that all the statements showing diligence are hearsay. "The affidavit is full and explicit as to the cause of action, its nature, the parties, etc., but is fatally defective in failing to show with accuracy the efforts made to serve defendant with summons. It states in substance that plaintiff's attorney placed the summons and complaint in the hands of five different persons (naming them) for service, and that they returned them with the information that they could not find defendant or see her, and that she cannot be found in the city or county. This statement is but hearsay, and may be wholly untrue, in fact, without any impeachment of the truthfulness of the affiant. Where service of process upon a defendant within the county is attempted to be made by a person other than the sheriff, his affidavit should as a rule be required, showing the nature of the effort made to serve the party, and, where practicable, the reasons why such service cannot be had." (*Kahn* v. *Matthai*, 115 Cal. 689, 692 [47 Pac. 698, 699]. See, also, *Wilson* v. *Leo*, 19 Cal. App. 793 [127 Pac. 1043]; *Columbia Screw Co.* v. *Warner Lock Co.*, 138 Cal. 445 [71 Pac. 498].)

Appellants obtained a tax deed to this property in 1921. The trial court held this deed to be void by reason of defective notices contained in the publication of the delinquent list for the years 1915 and 1920. The following is an extract from the report of the referee: "That in the published delinquent assessment list for the year 1915–1916, the first part of said publication stated that the land thereinafter described (which included the land in this petition), would be sold unless taxes, penalties and costs were paid. The notice at the end of the list gave the amount set out opposite each assessment as taxes and costs, but omitted therefrom the word 'penalties' . . . . Assessment No. 265703 shows amount sold for but not amount of penalties." There is no contention that the evidence is not sufficient to support this finding. We think the omission of the word "penalties" from the notice appended to the delinquent tax list for the year 1915 rendered this notice fatally defective

and consequently the tax deed void. The following is a paragraph from the syllabus in the case of *Knoke* v. *Knight,* 206 Cal. 225 [273 Pac. 786] : "In this action to quiet title to real property, in which plaintiff relied upon a tax deed, the trial court properly held that said deed was invalid by reason of the fact that proceedings leading up to the execution of said deed were defective, in that the delinquent tax list, together with the notice appended thereto, failed to state the amount of the penalties." In this case the authorities bearing on this question are compared, and the case of *Stuart* v. *Chapman,* 87 Cal. App. 552 [262 Pac. 348], relied on by appellant, distinguished. (See, also, *Myran* v. *Smith,* 117 Cal. App. 355 [4 Pac. (2d) 219].)

▮ Finally, appellants claim title to this property by adverse possession. They contend that by reason of this property being a city lot in uncultivated, unoccupied and barren territory, the requirement of actual and visible occupation should be less imperative, and therefore, they claim the following acts constitute adverse possession (quoting from appellants' opening brief) : "Summarized, those acts were: Receiving quit-claim deed to said property on August 18, 1921; duly recording same on said date; having the property assessed in their name on the state, county and city assessment rolls for the year 1922 and onward; paying all assessments and taxes from the year 1921 for more than five years; obtaining a decree quieting title to the property against the Long Beach and Alamitos Improvement Company, dated July 17, 1924; executing an oil and gas lease on the property, dated February 28, 1927; and duly filing for record a notice of non-responsibility for labor or materials on the property, dated March 7, 1927." But these acts as above enumerated do not meet the requirements of section 323 of the Code of Civil Procedure.

" 'Both parties are claiming under a record title from a common source, and the only question is superiority. Limitation or lapse of time does not perfect a defective record title in the absence of possession. If the situation of these two parties had continued ten, fifteen or twenty years longer, and the question should then arise, as now, as to which title of record is superior, a plea of limitation would not avail for either party against the other. Appellants show that they have legally paid taxes on the land. . . . One cannot

acquire title to the land of another by paying the taxes on it, nor will a claim of title under a void deed, although recorded, ripen into a fee by lapse of time, nor will limitations run against the owner of record in favor of a claimant not in possession, nor is it incumbent upon the owner to sue for cancellation of a void deed, or to take steps to remove a cloud upon his title. . . . If he desires to have the cloud removed the law affords a remedy, but he is not compelled to go to that expense, and his failure to do so cannot be considered laches, nor will it operate as an estoppel against him. A mere claim of title even of record, unaccompanied by adverse holding, will not start the statute.' '' (*Secret Valley Land Co.* v. *Perry*, 187 Cal. 420, 425, 426 [202 Pac. 449, 451]. See, also, 1 Cal. Jur. 527.)

■ Appellants have attempted to appeal from an order denying motion for a new trial. No appeal lies from such order and the appeal therefrom is dismissed. (*Burk* v. *Extrafine Bread Bakery*, 208 Cal. 105 [280 Pac. 522]; *In re Hann*, 100 Cal. App. 743 [281 Pac. 74].)

The judgment appealed from is affirmed.

Barnard, P. J., and Marks, J., concurred.