[S. F. No. 15485.  In Bank.—February 26, 1936.]

FREY & HORGAN CORPORATION, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Thomas H. Breeze for Petitioner.

Williamson & Wallace and Willard S. Johnston for Respondents.

CONREY, J.—Petition for writ of prohibition commanding the respondents to desist and refrain from further proceedings in an application in the respondent court for an order directing arbitration. ▉ In answer to the first question stated by the petitioner it should be said that an order of the superior court denying a motion to quash service of process may be reviewed on writ of prohibition. (*Jardine* v. *Superior Court*, 213 Cal. 301, 304 [2 Pac. (2d) 756, 79 A. L. R. 291].)

El Dorado Oil Works, a California corporation, filed its petition in the Superior Court of the City and County of San Francisco under the provisions of section 1282 of the Code of Civil Procedure for an order directing arbitration to proceed under certain alleged contracts between said El Dorado Oil Works and the present petitioner, Frey & Horgan Corporation, alleging that each of said contracts provide: "Any dispute arising hereunder shall be submitted to arbitration before a committee of the Foreign Commerce Asso-

ciation of the San Francisco Chamber of Commerce. . . . This contract in all respects shall be governed and construed by the laws of the State of California.''

After the arbitration proceeding had been filed in the superior court, attempted service was made upon the Frey & Horgan Corporation by delivery to the secretary of that corporation, in the city of New York, of a written notice, authorized by said section 1282 of the Code of Civil Procedure, that the application and motion for the desired order would be presented to the court at a time stated. Thereafter Frey & Horgan Corporation, appearing specially for that purpose, pursuant to notice duly given, moved the court for an order quashing service of said notice of motion for an order directing arbitration to proceed. This motion to quash was made upon the ground that the notice authorized by said section 1282 is process of court and as such cannot have effect outside of this state and cannot be effective to compel Frey & Horgan Corporation to submit to jurisdiction of the court. The motion to quash having been denied, the court ordered that the arbitration proceed and, unless prohibited by this court, such arbitration will proceed before the specified arbitrators, and respondent court, when an award shall have been made, will proceed, on the application of El Dorado Oil Works, if such award shall be in its favor, to make its order and judgment thereon in accordance with said award.

Section 1282 of the Code of Civil Procedure provides, as preliminary procedure in the enforcement of arbitration agreements, that an aggrieved party may petition the superior court for an order directing that such arbitration proceed in the manner provided for in the agreement; that ''Five days' notice in writing of the hearing of such application shall be served personally upon the party in default''; that ''The court shall hear the parties, and upon being satisfied that the making of the agreement or such failure to comply therewith is not in issue, shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.'' If the making of the agreement or the default be in issue, additional provision is made for a summary trial thereof.

The second question presented by petitioner herein is stated as follows: ''Is the notice of a petition to a superior

court for an order directing arbitration to proceed, provided for by section 1282 of the Code of Civil Procedure, 'process'?" To this the answer must be in the affirmative, whenever the object is to acquire jurisdiction. We need not extensively discuss the various technical meanings of the word "process". It has been well said that a notice may be properly designated as "process" when it is given by authority of law for the purpose of acquiring jurisdiction of a defendant.

In the absence of any existing jurisdiction of the person, necessarily the notice questioned in this proceeding would be a notice given for the purpose of acquiring jurisdiction over the Frey & Horgan Corporation, defendant. It follows that upon valid service thereof its effect necessarily must be to give the court personal jurisdiction over said defendant and to vest in the court authority to enter a personal judgment against it upon such award as might be made in the proceeding. But first there must be service, valid as service of process required for the purpose of acquiring personal jurisdiction.

The general rule has long been established that a court may not acquire jurisdiction *in personam* over the defendant in an action, by service of notice or other process outside the territory or state in which the forum exists. It was so decided in the case of *Pennoyer* v. *Neff*, 95 U. S. 714 [24 L. Ed. 565], and there are innumerable decisions in accordance with that authority. We find no reason for denying application of the stated principle to a special proceeding like that here under review.

But as we have seen, each of the contracts contained an agreement, both that any dispute arising thereunder should be submitted to arbitration before the designated arbitration committee, and that the contract "*in all respects shall be governed* and construed by the laws of the State of California". The contracts having been made with direct affirmative reference to the right of arbitration, and particularly with reference to the laws of California, the provisions of section 1282 of the Code of Civil Procedure should be read into the contracts as part thereof. The agreement to submit the dispute to the arbitration committee is an agreement to co-operate in that proceeding. It is presumed that the contract was made in good faith. Therefore it was an agreement to

submit to the jurisdiction within which the arbitration must operate in order to give it the effect contemplated by the contract and by the law.

It is conceded by petitioner that under the laws of this state, jurisdiction of the person can be acquired by a court, by service of process on the defendant extraterritorially, when the defendant by agreement with the plaintiff has consented to be amenable to process so served. (See *Sturges & Burn Mfg. Co.* v. *Unit Construction Co.,* 207 Ill. App. 74; *Mitsubishi Goshi Kaisha* v. *Carstens Packing Co.,* 116 Wash. 630 [200 Pac. 327].)

We conclude that sufficient reasons do not exist for the issuance of the writ demanded. Therefore, the petition is denied.

Waste, C. J., Shenk, J., Thompson, J., Curtis, J., and Langdon, J., concurred.