[Civ. No. 12794. First Dist., Div. One. May 7, 1945.]

CHARLES PINON, Appellant, v. JOHN POLLARD, Respondent.

E. C. Mahoney for Appellant.

F. E. Hoffmann for Respondent.

WARD, J.—This is an appeal by plaintiff from an order, judgment and decree vacating and setting aside a judgment entered upon default after service "personally and by publication" upon defendant. In June of 1941 plaintiff filed an action for damages for injuries sustained following an alleged assault upon plaintiff by defendant in San Mateo County. The complaint prayed for damages in the sum of $10,984.76. Defendant was served with summons personally in November, 1941, in the State of New Hampshire. The following month he appeared specially to quash service of summons. His affidavit in support of the motion set forth: "I presently reside at 209 Babcock Street, Brookline, Massachusetts where I have resided since my marriage in 1939. My wife lived there prior to our marriage for about 23 years. The summons and complaint in this action were served on me at Rockingham Park Race Track, Salem, New Hampshire, on November 20, 1941. By profession I am a jockey, that is a rider of race horses. The nature of my vocation necessarily requires that I travel to

many states. I have worked in Rhode Island, New Hampshire, New York, Maryland, California and other states as well as in my home state of Massachusetts. Towards the end of last year my work took me to California where I remained until about April 14, 1941, at which time I left for my home in Brookline, Massachusetts.'' The attorney for plaintiff filed a counteraffidavit which asserted that the ''defendant resided in the state of California and affiant is informed and believes and therefore alleges that defendant owns a home at Santa Anita, California, and that the aforesaid town and state is his legal residence.'' The motion to quash service was granted. The order granting the motion was in effect a declaration that Pollard's residence since his marriage in 1939 had been in Massachusetts and not in California. Subsequently, upon plaintiff's application for service of summons by publication, it was averred by affidavit ''That the defendant last resided in the city of San Mateo, county of San Mateo, in this state, but he departed from this state prior to the commencement of said action and resides at 209 Babcock Street, Brookline, Massachusetts.'' This averment is contrary to the adjudication in the order quashing service of summons that defendant's legal residence was Massachusetts. Despite this fact, service of summons by publication was ordered on April 2, 1942, the summons to be published at least once each week for two months and a copy of the summons and complaint to be sent to defendant's Massachusetts address. The copy was mailed and the summons published once a week from and including the 10th day of April, 1942, to and including the 12th day of June, 1942. It appears that the default of the defendant was entered June 20, 1942, and on July 24, 1942, the court rendered judgment against him for $4,884.76. The judgment sets forth the following: ''. . . service of summons upon the defendant, John Pollard, alias Jack Pollard, alias ''Red'' Pollard, having been made personally and by publication, as heretofore ordered, said defendant having failed to appear and answer the plaintiff's complaint filed herein and the default of said defendant having been duly and regularly entered. . . .''

On January 7, 1944, a motion to vacate the judgment was granted upon the ground that it was null, void and of no effect.

 It is appellant's contention that since the affidavits, etc., show that respondent was a resident of California although

absent from the state, he could be served by the procedure adopted. *Millikin* v. *Meyer*, 311 U.S. 457 [61 S.Ct. 339, 85 L.Ed. 278, 132 A.L.R. 1357] is cited as authority in support of this argument. In the Millikin case the Colorado Supreme Court held null and void a judgment of a Wyoming court. The defendant, who was asserted to be a resident of Wyoming, was served in Colorado. The Colorado Supreme Court held that the Wyoming decree was void on its face because of an irreconcilable contradiction between the findings and the decree. Colorado did not pass on the jurisdiction of Wyoming over the parties. The Supreme Court of the United States said: ''While outside the state, he was personally served in accordance with a statutory scheme which Wyoming had provided for such occasions. And in our view the machinery employed met all the requirements of due process. Certainly then Meyer's domicile in Wyoming was a sufficient basis for that extraterritorial service.''

Assuming for a moment that plaintiff was correct in asserting that defendant was a resident of California, he cannot prevail because of the case of *De La Montanya* v. *De La Montanya*, 112 Cal. 101 [44 P. 345, 53 Am.St.Rep. 165, 32 L.R.A. 82]. In that case the wife sued her husband for divorce and for custody of the children. The husband took the children out of California prior to the commencement of the action. The service of summons was by publication and by mailing a copy of the complaint and summons to Paris, France. It was held in substance that the jurisdiction of the court even as against one of its own residents was limited to the termination of the marriage status and that the court had no jurisdiction to render a decree for the support or the custody of the children.

The present action is one for damages against defendant, a nonresident of this state, upon whom no personal service has been made within the state and who did not appear voluntarily nor agree to submit to service of process extraterritorially. The constructive service by publication of summons under such circumstances may not be approved. This is the identical point decided in *Pennoyer* v. *Neff*, 95 U.S. 714 [24 L.Ed. 565]. In *Frey & Horgan Corp.* v. *Superior Court*, 5 Cal.2d 401, 404 [55 P.2d 203], the court held: ''The general rule has long been established that a court may not acquire jurisdiction *in personam* over the defendant in an action, by

service of notice or other process outside the territory or state in which the forum exists. It was so decided in the case of *Pennoyer* v. *Neff*, 95 U.S. 714 [24 L.Ed. 565], and there are innumerable decisions in accordance with that authority.''

In this case, regardless of other questions, the judgment was a nullity because defendant's default was entered prematurely. A summons is an order signed by proper authority directing the party served to appear within ten days if served in the county, otherwise within thirty days, unless a particular statute provides differently. The summons is notice that unless the defendant so appears the plaintiff will take judgment as set forth in Code of Civil Procedure, section 407. The general rules for service by publication are governed by the provisions of sections 412, 413 and 415.

A notice must apprise the party of what is required of him. (*Peabody* v. *Phelps, 9* Cal. 213, 226.) When jurisdiction is obtained by a prescribed form of constructive notice the statutory conditions upon which the service depends must be strictly construed. Unless the statute has been complied with there is no power to render a judgment. (*Lima* v. *Lima,* 26 Cal.App. 1 [147 P. 233, 237] ; *Langley* v. *Zurich Gen. Acc. & L. Ins. Co.,* 97 Cal.App. 434 [275 P. 963] ; *Matter of Tracey,* 136 Cal. 385 [69 P. 20].)

In the present case the last publication of summons was on June 12, 1942. Eight days later default was entered; that is, on June 20, 1942. A default may not be taken under such circumstances until thirty days after the last publication. (*Foster* v. *Vehmeyer,* 133 Cal. 459 [65 P. 974] ; *Savings & Loan Society* v. *Thompson,* 32 Cal. 347 ; *Estate of Sankey,* 199 Cal. 391 [249 P. 517] ; *Sacramento M. U. Dist.* v. *All Parties, etc.,* 6 Cal.2d 197 [57 P.2d 506].)

The order and judgment setting aside the judgment dated July 28, 1942, is affirmed.

Peters, P. J., and Dooling, J. pro tem., concurred.