COOPER *v.* COOPER.

5-1704                                          318 S. W. 2d 587

Opinion delivered December 8, 1958.

*C. A. Caldwell, W. E. Billingsley,* for appellant.

*W. G. Wiley, Murphy & Arnold,* for appellee.

WILLIAM J. SMITH, Associate Justice.   On February 27, 1957, Mary Ida Cooper, appellant, filed a petition in the Circuit Court of Izard County for a Writ of *Habeas Corpus* against Carl G. Cooper and his parents, Leslie and Juanita Cooper, appellees, seeking possession of her minor son, Stephen Carl Cooper.   In this proceeding she relied solely upon a California interlocutory decree awarding her a divorce from Carl G. Cooper and the

custody of their minor son, Stephen. She contends that under the Federal Constitution, Article IV, Section 1, and the Federal Statute, 28 U. S. C., Section 1738, the California decree should be given full faith and credit by the Courts of Arkansas.

This is an appeal from an order dismissing the appellant's petition after a hearing of the evidence.

The appellant and Carl G. Cooper were married in 1955. Their son, Stephen, was born in 1956. While these two young people were residing in Sacramento County, California, marital trouble developed between them and on the night of October 30, 1957, the husband took Stephen from the couple's home. On the next day he left California (with Stephen) by automobile and drove to his parents' home in Izard County, Arkansas, where he arrived on November 2, 1957.

Stephen was living with his father and grandparents when his mother filed this action in the lower court.

On November 1, 1957, Mary Ida Cooper filed suit for divorce and custody of Stephen in Sacramento County, California. Service was had on her husband in Izard County, Arkansas, on November 18, 1957. Carl G. Cooper did not appear (by answer or otherwise) in that suit and on December 19, 1957, the Superior Court of Sacramento County, California, granted an interlocutory decree of divorce to Mary Ida Cooper wherein she was awarded the custody of Stephen. This is the decree upon which the appellant relies in this action.

Did the Circuit Court err in dismissing the appellant's petition? We think not.

The evidence is undisputed that Carl G. Cooper and Stephen were not in the State of California when Mary Ida Cooper filed her suit for divorce. They were not in California when summons was issued, when service was had, nor when the interlocutory decree was granted.

A father's right to custody of his child is a personal right, *May* v. *Anderson*, 345 U. S. 528, 97 L. Ed. 1221,

73 S. Ct. 840, and since the California Court did not have personal jurisdiction over Carl G. Cooper, it could not adjudicate his right to possession of Stephen.

In *Frey & Horgan Corporation* v. *Superior Court,* 5 Cal. 2d 401, 55 P. 2d 203, the Supreme Court of California said: "The general rule has long been established that a court may not acquire jurisdiction *in personam* over the defendant in an action, by service of notice or other process outside the territory or state in which the forum exists. It was so decided in the case of *Pennoyer* v. *Neff,* 95 U. S. 714, 24 L. Ed. 565, and there are innumerable decisions in accordance with that authority."

In the *May* case, *supra,* the Supreme Court of the United States, citing cases, quoted the following: "It is now too well settled to be open to further dispute that the 'full faith and credit' clause and the act of Congress passed pursuant to it do not entitle a judgment *in personam* to extra-territorial effect if it be made to appear that it was rendered without jurisdiction over the person sought to be bound."

See also *Halvey* v. *Halvey,* 330 U. S. 610, 91 L. Ed. 1133, 67 S. Ct. 903 and *Kovacs* v. *Brewer,* 356 U. S. 604, 2 L. Ed. 2d 1008, 78 S. Ct. 963, in which the Supreme Court of the United States discusses the effect of the "full faith and credit" clause in child custody cases.

The order of the circuit court is affirmed.

It should be pointed out that this decision does not prejudice this mother's right to file a *habeas corpus* action in the Chancery Court of Izard County to obtain custody of her child upon a proper showing that it is to his best interest and welfare that she have such custody. *Waller* v. *Waller,* 220 Ark. 19, 245 S. W. 2d 814.

Justice Sam Robinson dissents.