[Civ. No. 30366. Second Dist., Div. One. Dec. 15, 1966.]

EAGLE ELECTRIC MANUFACTURING CO., INC., Plaintiff and Respondent, v. JOHNNY KEENER, a Minor, etc., et al., Defendants and Appellants.

O'Melveny & Myers and Rodney K. Potter for Defendants and Appellants.

Kadison & Quinn and John J. Quinn, Jr., for Plaintiffs and Respondents.

LILLIE, J.—Plaintiff Eagle Electric Manufacturing Co., Inc., a New York corporation, qualified to do business in California, sued defendants Keener, William P. Clark and others to set aside a default judgment rendered against it in the Superior Court of the County of Ventura. Thereafter plaintiff's motion for entry of summary judgment was granted. Defendants appeal from judgment vacating the Ventura judgment entered on the order.

The instant proceeding had its genesis in a personal injury action filed in the Ventura Superior Court on April 3, 1962, by defendants Keener against plaintiff corporation and others not here involved (action against them is pending trial); defendant Clark was attorney for the Keeners. On October 17, 1962, Clark filed his ''Declaration in Support of Order for Service of Process on Secretary of State Pursuant to Corporations

Code Sec. 6501'' (attached to motion for summary judgment as Exh. 1) asserting that J. Barrett Cohen, William Garland Building, Los Angeles, California, is the designated agent of plaintiff for service of process and that ''said agent cannot be found with due diligence at the address stated in the designation,'' resulting in an order that service be made by personal delivery of process to the Secretary of State. On December 20, 1962, default of plaintiff corporation was entered, the cause was heard as a default and on December 24, 1962, judgment was entered against it for $326,218.70. On February 14, 1964, writ of execution issued to satisfy the judgment out of plaintiff's personal property. No notice of entry of judgment, actual or constructive, was given to plaintiff corporation until fourteen months (Feb. 17, 1964) after entry.

Attached to plaintiff's motion for summary judgment (Exh. 2) is designation of representative in the State of California filed in the office of the Secretary of State on September 13, 1938, showing Charles J. Gratiot, Sr., at a certain address, to be the designated agent in California for service of process on plaintiff corporation. Affidavit of Walter C. Stutler, assistant secretary of state, alleges that according to the records on file the designated duly authorized agent in California for service of process for plaintiff corporation on October 27, 1962, was Charles J. Gratiot, Sr.; and that at no time during the year 1962 was J. Barrett Cohen the duly designated authorized agent in California for service of process for plaintiff corporation. No counteraffidavits were filed.

While it is conceded in plaintiff's moving papers that in the Ventura action the Secretary of State erroneously supplied to Clark the name of Cohen as its designated agent, and that on October 17, 1962, Gratiot was in fact deceased, the misnomer, for which we can only assume neither plaintiff nor defendant Clark was at fault,[1] is not the issue. The real issue is whether

---

[1] While reflecting knowledge on the part of plaintiff corporation that an action had in fact been filed against it in the Ventura court, and on the part of defendant Clark that the Secretary of State mailed copies of first amended complaint, summons and order to plaintiff corporation at an incorrect address, a critical analysis of what actually occurred shows that the failure of personal delivery of the documents to plaintiff corporation was due to the inadvertence of the Secretary of State.

Affidavit of Russell I. Kully in support of application for injunctive relief, dated February 21, 1964 (a part of the record on appeal) to which certified records of the Secretary of State are attached, show the following:

On October 5, 1931, plaintiff Eagle Electric Mfg. Co., Inc., filed with the Secretary of State a certificate of designation of J. Barrett Cohen, residence address—104 North Altmont Drive, Los Angeles, California;

the Ventura judgment is void on the face of the judgment roll, not because Cohen (named in Clark's declaration) was not in fact the designated agent for service of process on plaintiff, but because of the failure of Clark's declaration, upon which order substituting service was based, to set out evidentiary facts sufficient to support the allegation of "due diligence" in its statement that Cohen could not be found at the mentioned address. However, appellants argue in both briefs that this is a new issue "raised for the first time on appeal. Plaintiff's moving papers in the trial court are wholly devoid of any such

---

business address—W. M. Garfield Building, Los Angeles, California, as agent designated for service of process (Exh. A).

On September 17, 1938, Eagle filed revocation of designation of Cohen and substitution therefor of Charles J. Gratiot, Sr., residence address— 51 Glen Avenue, Oakland, California; business address—351 Ninth Street, San Francisco, California (Exh. B). Designation of Gratiot was never revoked.

On April 10, 1940, Eagle communicated with the Secretary of State; in reply thereto the Secretary of State by letter dated April 17, 1940, to Eagle advised it that its records disclosed the designation of Gratiot as "Process Agent for California" (Exh. C).

On April 23, 1940, Eagle wrote the Secretary of State advising that the address of Gratiot be changed in its [Secretary of State] records from 351 Ninth Street, San Francisco, California, to 1282 Folsom Street, San Francisco, California (Exh. D).

Notwithstanding the change of address for Gratiot, the office of the Secretary of State mailed copies of the complaint in the Ventura action, summons and order for service to Gratiot at 351 Ninth Street, San Francisco, California, instead of 1282 Folsom Street, San Francisco, California (Exh. E). This is borne out by the certification of F. C. Vogel, deputy secretary of state, dated December 13, 1962 (Exh. E) wherein he asserts that on November 7, 1962, he mailed copies of the amended complaint, etc., to Eagle at 59-79 Hall Street, Brooklyn, New York, and to 351 Ninth Street, San Francisco, California. The envelope containing the documents and letter of transmittal, dated November 7, 1962, directed to Eagle at 59-79 Hall Street, Brooklyn, New York, and 351 Ninth Street, San Francisco, California, was "Returned Undelivered 11-27-62." (Exh. F.)

Affidavit of Popolow shows that the office of Eagle is located at 23-10 Bridge Plaza South, Long Island City, 1, New York, which is also its mailing address, and that it has not occupied 59-79 Hall Street, Brooklyn, New York, for over 20 years, the building at said address having long been demolished and the land converted to a public thoroughfare; that Eagle has had neither offices nor facilities at 351 Ninth Street, San Francisco, California, for over 20 years; that Robert F. Focht is general manager of Eagle in California which has a place of business in both San Francisco and Los Angeles, as shown in both telephone books; that defendant Clark knew the address of plaintiff Eagle to be 23-10 Bridge Plaza South, Long Island City 1, New York, as early as July 9, 1962, having at that time addressed a letter to Eagle at said address; that the official file in the Ventura action contains the certification of the Secretary of State that copies of the amended complaint, order and process were mailed to 59-79 Hall Street, Brooklyn, New York, and 351 Ninth Street, San Francisco, California.

Affidavit of Robert Focht declares that entry of judgment was not known to plaintiff Eagle until February 17, 1964, at which time the sheriff placed a keeper on its premises.

contention.'' (App. Reply Br., p. 3); and that plaintiff's sole claim in the lower court on the motion was that the judgment was void because the person named as the designated agent in Clark's declaration was not in fact such designated agent, and summary judgment was entered thereon which was error because the misnomer could only have been disclosed by reference to matters outside of the record, thus the Ventura judgment could not be void on its face.

Appellants' claim that the issue was not raised in the court below is incorrect. That the Ventura court lacked jurisdiction because Clark's declaration was defective on its face was argued at length by both parties on the motion in the lower court. In its memorandum in support of the motion, plaintiff specifically directed the court's attention to the ''patently defective affidavit filed by defendant in the 'Ventura action' which deprived that court of jurisdiction to proceed to order this plaintiff in default'' (p. 10), thereafter arguing that the declaration was fatally deficient under *Batte* v. *Bandy,* 165 Cal.App.2d 527 [332 P.2d 439], and concluding that it is its ''contention herein that this failure to show due diligence in search of the 'designated agent' is patently defective, and thus, has deprived the Ventura Court of jurisdiction to issue the order for substituted service.'' (P. 13.) While defendants may have thought the issue to be without merit, they nevertheless attempted to answer it in their memorandum in opposition by urging the inapplicability of *Batte* v. *Bandy*. Thereafter, plaintiff argued the matter again in its reply memorandum. In its judgment the court simply declared that ''plaintiff was not served as a party defendant . . . in the Superior Court . . . for the County of Ventura . . . and that said Court had no jurisdiction over the person of the plaintiff.'' This is entirely compatible with the theory advanced to the lower court by plaintiff that the Ventura court had no jurisdiction because the declaration of Clark on its face was fatally defective, thus the court lacked jurisdiction to order substituted service based thereon, the order was void and the default and default judgment entered and rendered on substituted service made pursuant thereto were void. ■ In any event, when a judgment on the face of the judgment roll is void, attack can be made upon it at any time; the court has the right and power any time to vacate a void entry of default and a void default judgment. (*Batte* v. *Bandy,* 165 Cal. App.2d 527, 537-538 [332 P.2d 439].)

■ When jurisdiction is obtained by a prescribed form

of constructive notice, the statutory conditions upon which service depends must be strictly construed; there must be strict compliance with the mode prescribed in the statute. Conformance with the statute is deemed jurisdictional and absence thereof deprives the court in the particular action of power to render a judgment. (*Sternbeck* v. *Buck,* 148 Cal.App. 2d 829, 832 [307 P.2d 970]; *Pinon* v. *Pollard,* 69 Cal.App.2d 129, 133 [158 P.2d 254].) █ Further, "It is elementary that substituted service upon a foreign corporation may be made only in the manner and form authorized by statute." (*Tri-State Mfg. Co.* v. *Superior Court,* 224 Cal.App.2d 442, 444 [36 Cal.Rptr. 750].)

The California Legislature has prescribed the manner in which service shall be made on a foreign corporation doing business in this state; summons must be served in the manner set out in sections 6500 through 6504, Corporations Code (Code Civ. Proc., § 411). Section 6500 provides for service of a copy of process against a foreign corporation on its officers or any person designated by it as agent for the service of process. According to section 6501, "If the agent designated for the service of process be a natural person and cannot be found with due diligence at the address stated in the designation . . . and it is so shown by affidavit to the satisfaction of the court or judge, then the court or judge may make an order that service be made by personal delivery to the Secretary of State. . . ." Thus, before an order directing substituted service may be made, the affidavit in support thereof must show to the satisfaction of the court due diligence on the part of the affiant to find the designated agent. However, here the issue is more fundamental—is the affidavit sufficient to confer upon the court the jurisdiction necessary to permit it to determine whether "due diligence" was satisfactorily shown.

Attached to plaintiff's motion for summary judgment (Exh. 1) is Clark's declaration upon which the Ventura court's order for substituted service under section 6501 was based. Therein Clark made the bare allegation, without stating any evidentiary facts in support thereof, that "said agent cannot be found with due diligence at the address stated in the designation." If this declaration on its face was insufficient to confer jurisdiction on the Ventura court to order substituted service on the Secretary of State then the order is void, as is the default and default judgment entered and rendered on the substituted service made pursuant thereto, and the lower court

252

was warranted in entering summary judgment vacating the default and default judgment in the Ventura action.

■ The rule of strict compliance with the statutory mode for substituted service and *Batte* v. *Bandy,* 65 Cal.App.2d 527 [332 P.2d 439], compel the conclusion that the statement in the declaration that Cohen ''cannot be found with due diligence'' at the designated address, devoid of facts affirmatively asserted and consisting of a mere conclusion, was a nullity and of no evidentiary value and insufficient to give the court jurisdiction to order substituted service thereon. In *Batte* v. *Bandy,* 165 Cal.App.2d 527 [332 P.2d 439], the affidavit was found to be fatally defective and the default and default judgment, entered on substituted service made under the order therefor on the Secretary of State pursuant to the affidavit, were held to be void and ordered vacated. While the corporation was a domestic corporation and another code section was involved (Corp. Code, § 3302), the affidavit of counsel was very similar to the one at bar; it declared, among other things, that ''despite diligent efforts, no service can be made on the said two corporations or on the Bandys.'' The court ruled that under section 3302 (providing for service of process on the Secretary of State, if a domestic corporation fails to designate an agent for service or the designated agent cannot be found with reasonable diligence) it is a jurisdictional condition precedent for an order for substituted service that a showing be made by affidavit that personal service cannot be made with the exercise of due diligence on the designated agent or in any other manner provided by law; and that counsel's affidavit, stating as a conclusion that despite ''diligent efforts'' no service could be made on defendant corporation, is insufficient in that it fails to declare that any effort was in fact made to locate any officer or agent of the corporation within the state. It applied the rule—that where orders for publication of service are void by reason of insufficiency of affidavits therefor, defaults and default judgments entered and rendered on service made pursuant thereto are likewise void on their face and should be set aside. Said the court at page 533: ''Whether the service of process upon the Secretary of State constituted a valid service upon Cole [corporation] depends upon whether the superior court, upon the showing made, was authorized to make the order for service in this manner.

''There can be no doubt that, if jurisdiction to issue the order for service upon the Secretary of State was dependent upon a sufficient showing by affidavit of facts disclosing that

personal service of process could not be made on Cole with the exercise of due diligence in any other manner provided by law, as will hereinafter be shown to be the case, the affidavit of plaintiffs' attorney hereinabove set forth must be regarded as fatally insufficient to have conferred jurisdiction on the superior court to issue its said order for such substituted service. Said affidavit, except for certain immaterial averments, merely states as a conclusion 'That, despite diligent efforts' no service could be made on Cole. The affidavit is wholly devoid of what efforts, if any, were made to serve Cole. . . .''

''Affidavits devoid of averments of facts showing that due diligence was exercised to make service have consistently been held to be insufficient, and orders for service by publication based on affidavits similar to the affidavit of plaintiffs' attorney herein have uniformly heen held to have been beyond jurisdiction and void. (*Kahn* v. *Matthai,* 115 Cal. 689, 692 [47 P. 698]; *Narum* v. *Cheatham,* 127 Cal.App. 505, 507 [15 P.2d 1106]; see also *Hennessy* v. *Hall,* 14 Cal.App. 759, 762-763 [113 P. 350] and *Nelson* v. *Superior Court,* 9 Cal.2d 729, 731-732 [73 P.2d 232].) '' (P. 534.)

█ ''It is established that, where orders for publication of summons are void by reason of the insufficiency of the affidavits therefor, defaults and default judgments entered and rendered on service made pursuant thereto are likewise void on their face, and should be set aside. (*Narum* v. *Cheatham,* 127 Cal.App. 505, 507 [15 P.2d 1106]; *Morgan* v. *Clapp,* 207 Cal. 221, 224 [277 P. 490].) No reason appears why the same rule should not apply to a default and default judgment entered on substituted service made pursuant to an insufficient affidavit and void order for substituted service such as that here.'' (P. 536.)

█ The record shows that the default and default judgment herein were entered and rendered against plaintiff corporation in the Ventura action on the basis of substituted service on the Secretary of State made under a void order which was issued pursuant to a declaration on its face insufficient to give the Ventura court jurisdiction to act. Thus, inasmuch as the jurisdiction of the Ventura court was the only issue, and, on the record, strictly a legal one, there was raised with respect thereto no triable issue of fact and the affidavit, declaration and exhibits attached to the moving papers support a judgment in favor of plaintiff corporation (*Coyne* v.

*Krempels,* 36 Cal.2d 257, 261 [223 P.2d 244]; *Desny* v. *Wilder,* 46 Cal.2d 715, 725-726 [299 P.2d 257]; *Stationers Corp.* v. *Dun & Bradstreet, Inc.,* 62 Cal.2d 412, 417 [42 Cal. Rptr. 449, 398 P.2d 785]), we deem the entry of summary judgment herein to be proper.

The judgment is affirmed.

Wood, P. J., concurred.

Fourt, J., did not participate.