[Sac. No. 1904. In Bank.—February 27, 1913.]

WILLIAM McKENDRICK et al., Respondents, v. WEST-ERN ZINC MINING COMPANY and TEHAMA MIN-ING COMPANY, Defendants. L. R. BARTHELET, Executrix of the Will of W. Henry Jones, Deceased, Appellant.

Parties—Enforcement of Lien—Transfer of Subject of Action—Grantee may Move to Vacate Judgment.—In an action to enforce a lien against a mine, a grantee *pendente lite* of the land in controversy, claiming under the defendant, is authorized by section 385 of the Code of Civil Procedure, to appear therein and prosecute a motion to vacate a judgment against and open the default of his grantor, upon the ground that it had never been served with summons in the action.

Summons—Service by Publication—"Person" Includes Domestic Corporations.—The word "person," as used in section 412 of the Code of Civil Procedure, authorizing the service of summons by publication "where the person on whom service is to be made resides out of the state; or has departed from the state; or cannot, after due diligence, be found within the state; or conceals himself to avoid the service of summons," should be given its generic meaning, and construed so as to authorize a service by publication on all corporations, including domestic corporations, with respect to which the code makes no express provision for such service. This is the proper construction of the section, notwithstanding the clause therein specially providing for such service in the case of "a foreign corporation having no managing or business agent, cashier, or secretary within the state."

Id.—Affidavit for Publication—Departure from State.—Under that section, an affidavit for publication, which shows the existence of the condition that the person to be served has "departed from the state," is sufficient to authorize such publication, although no other

of the conditions, the existence of which also authorizes such a constructive service, is alleged.

Id.—Departure from State of. Domestic Corporation.—A domestic corporation, notwithstanding it is still a legal resident of the state and constructively present therein, will be deemed to have departed from the state, within the purview of section 412 of the Code of Civil Procedure, when all of its agents and officers upon whom personal service can be made have departed from the state.

Id.—Construction of Affidavit—Departure of Corporate Officers and Agents from State.—An affidavit for service of summons by publication on domestic corporations which states that "said defendant corporations are formed under the laws of the state of California, but there is no president or other head of either of said corporations, no secretary, no cashier, and no managing agent of either of said corporations within the state of California, but have departed from the state of California," should be construed as stating that the officers and agents mentioned have departed from the state. Such a statement is one of fact, and is sufficient without giving the evidence upon which it is founded.

Id.—Diligence in Finding Corporate Officers and Agents.—The affidavit was not vitiated by the addition of a statement of facts tending to show the diligent efforts made to find such officers and agents. Such averments were immaterial, except for the purpose of showing that the actual residences of these persons were unknown.

APPEAL from an order of the Superior Court of Shasta County refusing to vacate a judgment and open a default. J. E. Barber, Judge.

The facts are stated in the opinion of the court.

P. H. Coffman, for Appellant.

Bush & Hall, for Respondents.

SHAW, J.—At the time of the hearing of this cause in Bank a motion of the respondents to amend the record on appeal by inserting therein a copy of the verification of the complaint, showing that it was duly verified, was granted, but the clerk failed to enter the order in the minutes. The verification must now be deemed a part of the record. This makes it necessary to determine questions which were not considered by the court in Department in its decision upon which a rehearing was granted.

The appeal is from an order of the trial court denying the motion to vacate the judgment against and open the default of the Tehama Mining Company upon the ground that it had never been served with summons in the action. The moving party is L. R. Barthelet, who by affidavit shows that the Tehama Mining Company sold and transferred the Donkey Mine, the real estate in controversy, upon which it is sought to impose a lien, to W. Henry Jones after the commencement of the action; that W. Henry Jones died and that after proceedings duly had and an order duly made, the affiant Barthelet was appointed executrix of the last will of said Jones and ever since has been such executrix. These allegations of interest are not controverted or disputed and they sufficiently connect Mrs. Barthelet with the action to authorize her to appear and prosecute the motion (Code Civ. Proc., sec. 385).

The Tehama Mining Company is a domestic corporation, and constructive service of the summons by publication was made under an affidavit to the effect that there is no president or other head of the corporation, no secretary, no cashier and no managing agent of the corporation within the state of California; that these officers had departed from the state and cannot after due diligence be found within the state of California.

The first question presented by the appeal is the claim that the law does not authorize the publication of summons in the case of a domestic corporation; that section 412 of the Code of Civil Procedure applies exclusively to foreign corporations, so far as it applies to corporations at all, that section 411 of the Code of Civil Procedure contains the sole provision for the service of process upon a domestic corporation, and that there is an omission in the law regarding the service upon a domestic corporation when the enumerated officers upon whom alone such service can be made cannot be found within the state or have departed therefrom.

We think this question is settled by the decision in *Douglass v. Pacific M. S. Co.*, 4 Cal. 304. In that case the defendant was a foreign corporation. Service was made upon it by publication as prescribed by section 30 of the Practice Act of 1851, which was the statute then in force. (Stats. 1851, p. 55, G. & S. Comp. 524.) Section 30 then provided that service by publication could be made "when the *person* on whom

service is to be made resides out of the state; or has departed from the state; or cannot, after due diligence, be found within the state; or conceals himself to avoid the service of summons, and the fact appears by affidavit," etc.

Section 29 of the Practice Act, so far as here applicable, then provided as follows: "The summons shall be served by delivering a copy thereof attached to a certified copy of the complaint, as follows: 1st. If the suit be against a corporation, to the president or other head of the corporation, secretary, cashier or managing agent thereof."

Section 412 is in effect a re-enactment of said section 30 with the addition of the words "or is a foreign corporation having no managing or business agent, cashier or secretary within the state," as an additional class upon which service by publication can be made. Section 29 was re-enacted in section 411 aforesaid with the addition of the words "formed under the laws of this state" inserted after the word "corporation" in the first clause. No such qualifying phrase occurs in section 29 and it therefore applied both to domestic and foreign corporations at the time of the decision in the Douglass case. It will be observed that section 30 of the Practice Act did not specifically authorize constructive service upon corporations, and it could be held to do so only upon the theory that corporations were included in the word "persons," as there used. The court in that case held that corporations were so included and that the service was good, saying: "The court erred in restricting the operation of the 30th section of the 'act defining the manner of commencing civil actions' to natural persons. The word 'persons' in its legal significance, is a generic term, and was intended to include artificial as well as natural persons."

This case is conclusive as to the meaning of the word "persons" in section 412, unless the insertion therein of the additional clause, above mentioned, authorizing such service upon foreign corporations, shows an intention to limit its meaning to natural persons and foreign corporations, and to exclude domestic corporations from its operation. The clause with the above addition first became law upon the adoption of the codes in 1872. In view of the Douglass decision the addition of this clause would appear to serve no purpose except possibly that of simplifying the proceeding for publication in such

cases. A corporation is often a necessary or proper party to
a civil action in which constructive service is proper. If it
was a foreign corporation doing business in the state, then,
under the act of 1870 (Stats. 1869–70, p. 881), it would be
required to have a designated agent in the state authorized
to receive service of process and personal service could be
made upon him. If no such agent had been designated, then,
under the original section 411 of the code, service could be
made upon any managing or business agent, cashier or secre-
tary of such corporation within the state. If there were none,
then, under the decision in the Douglass case it would be a
nonresident person upon whom the service by publication
could be made as upon natural persons. But there would
still remain many cases for which the code would contain no
provision if the meaning of the word ''person,'' is limited as
above suggested. The agent of a foreign corporation might
conceal himself in the state to avoid service, or it might be
that, after due diligence he could not be found within the
state, although the plaintiff would not be able to say that he
was out of the state. So, also, in the case of a domestic cor-
poration, which in legal contemplation is a resident of the
state, its officers and agents might depart from the state, or
conceal themselves therein to avoid service, or be so concealed
or obscure that they could not be found. If the word ''per-
sons,'' does not include corporations, there could be, in these
cases, no service of process upon such corporations, although
they might be necessary parties without whom the action
could not proceed. Under these circumstances, we think it is
clear that the maxim, *''expressio unius,''* etc., should not be
applied, and that the word ''person'' in section 412 should
be given its generic meaning, as in the Douglass case, at least
with respect to all corporations concerning which the code
makes no express provision for service by publication. The
service, therefore, is not invalidated by the fact that the de-
fendant is a domestic corporation.

There is a suggestion in the appellant's brief that the ser-
vice is void because the affidavit for the order of publication
does not state facts showing that due diligence was used to
find the officers and agents of the Tehama Mining Company
upon whom service could lawfully be made. If the only cause
for publication shown by the affidavit was that such officers

could not be found within the state, after due diligence, this question would be necessarily involved. But, as will be seen, the affidavit states another sufficient cause. Therefore it is unnecessary to consider the question of diligence.

Section 412 authorizes service by publication where either one of five separate and distinct conditions exist, the second of which is stated to be where the person has "departed from the state." An affidavit showing the existence of this condition is sufficient, although no other condition is alleged. (*Ligare* v. *California etc. Co.*, 76 Cal. 614, [18 Pac. 777]; *Parsons* v. *Weis*, 144 Cal. 415, [77 Pac. 1007]; *Spencer* v. *Houghton*, 68 Cal. 87, 8 Pac. 679].) The affidavit in question states that "said defendant corporations are formed under the laws of the state of California, but there is no president or other head of either of said corporations, no secretary, no cashier, and no managing agent of either of said corporations within the state of California, but have departed from the state of California." We take this to be, in effect, a statement that the officers and agents mentioned have departed from the state. It is fairly susceptible of that construction and we must presume that the court below so interpreted it when it was considering its effect and the condition necessary to authorize the publication. The statement is one of fact and it is sufficient without giving the evidence upon which it is founded. The addition of a statement of facts tending to show the diligent efforts made to find these parties does not vitiate the proceedings. These averments were immaterial except for the purpose of showing that the actual residence of these persons were unknown. (*Ligare* v. *California etc. Co.*, 76 Cal. 614, [18 Pac. 777].) They sufficiently showed that such residence was not known, although they were perhaps insufficient as a showing of diligence under the third cause for publication.

It is true, as stated, that a domestic corporation is deemed to have a legal residence in this state, although it may do no business at all and all its officers, agents and stockholders may reside out of the state. Being a legal resident for many purposes, it seems anomalous to say that it may depart from the state, but we think under the provisions of the code, properly construed, it may be so held. Our courts have jurisdiction of civil actions and this includes power to bring be-

fore them, or in some reasonable way to give proper notice to, the parties whose rights and interests are to be determined. A wronged person must have a remedy which he can enforce. Doubtless if there were no enabling statutes prescribing a process to be used, the courts, being vested by the constitution with jurisdiction of civil actions, could frame suitable writs and direct a reasonable mode of service. Section 187 of the Code of Civil Procedure, expressly declares that this may be done where necessary. The power, of course, should not be resorted to in any case where the existing statute may reasonably be construed to provide for process. For these reasons the provisions prescribing the process and mode of service upon persons who cannot be personally reached, should receive a most liberal construction to avoid the conclusion that there is no statutory provision made for any process at all upon any given class of persons who are otherwise subject to the jurisdiction of the court. A natural person retains his legal residence, although bodily absent. In the case of a domestic corporation, all of whose agents and officers upon whom service can be made, its actual body, in point of fact, for this purpose, have departed from the state, we think it is not too great a stretch of construction to hold that the corporation itself, although still a legal resident of the state and constructively present therein, has departed from the state, within the purview of section 412 of the Code of Civil Procedure. The affidavit was therefore sufficient to support the order made by the court for publication of summons and the service was valid.

The order appealed from is affirmed.

Angellotti, J., Melvin, J., and Lorigan, J., concurred.

Rehearing denied.