[Civ. No. 2089. Second Appellate District.—May 31, 1916.]

WALTER PORTER, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF LOS ANGELES et al., Respondents.

ACTION FOR DIVORCE—SERVICE OF SUMMONS BY PUBLICATION—SUFFI-CIENCY OF AFFIDAVIT.—An affidavit for publication of summons in a suit for divorce which plainly and directly states that the defendant never has been a resident of the state of California, that she has never resided within the state, and that her home and resi-

dence is in Lynn, Massachusetts, the particular street number being given, is sufficient, *prima facie*, to support a valid order of publication, under section 412 of the Code of Civil Procedure, notwithstanding it does not follow a rule of the superior court requiring the affiant to give the information upon which the statement of residence is made, and if the information is contained in a letter, such letter must be attached to the affidavit.

APPLICATION originally made to the District Court of Appeal for the Second Appellate District for a Writ of Mandate to compel the Superior Court of Los Angeles County to reset a cause for trial.

The facts are stated in the opinion of the court.

Lewis Cruickshank, for Petitioner.

JAMES, J.—Petition for mandate. From the facts stated in the petition it appears that the petitioner herein, in August, 1915, filed a complaint in the superior court of Los Angeles County by which action a decree of divorce was sought. After summons had been issued and returned by the sheriff without service, an affidavit was made and filed by the plaintiff, upon which affidavit the court, by the Honorable Lewis R. Works, made its order directing service of summons to be made by publication. As grounds for the order the affidavit set out that the last-known residence and address of the defendant was at "69 Lakeview Avenue, Lynn, Massachusetts; that defendant at all times since the commencement of this action and for some time prior thereto was and is now an actual *bona fide* resident of the State of Massachusetts; that defendant is not now nor has she ever been, a resident of the State of California, nor has she ever resided in said State of California; affiant knows that a search anywhere in said county or state would be of no avail; . . . that the home of the defendant at the time of the commencement of this action and for some time prior thereto was 69 Lakeview Avenue, Lynn, Massachusetts; that she was the owner of said property and made her home therein." It is recited that the publication of summons was duly made, and that a copy of the summons and complaint, as required by the order of court, was deposited in the United States mail as registered matter, and was on the second day of September, 1915, actually de-

livered personally to the defendant in the divorce action; that the proof of publication of summons was regularly made and filed and default entered; that thereafter the case was duly and regularly set for trial, to be heard on the fifteenth day of February, 1916, before the Honorable J. P. Wood, judge of said court; that at the time the case came on for hearing, the court, "deciding on his own motion" that the affidavit for the order for publication of summons was insufficient, struck the cause from the calendar; that the following minute order was thereupon made: "It is hereby ordered that default of defendant be set aside and that another affidavit for publication of summons be filed, and further that the summons be republished and cause off calendar to be reset." It is as to the authority of the court to make the last order mentioned that question is made by the petition filed herein. It may be noted that the order as set out does not purport to vacate the order made directing that summons be served by publication, but only that the default of the defendant be set aside. It does appear to direct that another affidavit for publication of summons be filed and the summons republished; but so far as the record presented shows, the order made by the first-named judge authorizing the service of summons by publication, still exists and has never been modified or changed. But evidently this order was intended to have the effect of setting aside the order as made by Judge Works, and it seems to be assumed in this proceeding that it may be treated as of such effect. The return made herein does not call into question the verity of any of the material facts set out by the petitioner, but there is attached to the return a copy of the rules of the superior court. Our attention is particularly directed to rule XXVIII of that court, which provides that in any application for an order to publish summons, if the residence (of the defendant) is known and stated in the affidavit, "the affiant must also give the information upon which such statement of residence is made, and if the information is contained in a letter, such letter must be attached to the affidavit." Section 412 of the Code of Civil Procedure provides that service of summons may be made by publication "where the person on whom service is to be made resides out of the state; or has departed from the state; or cannot, after due diligence, be found within the state; . . ." In order to authorize the making of the order, such facts as

are relied upon must be established to the satisfaction of the court. If the affidavit presents facts sufficient to establish either of the conditions specified in section 412 of the Code of Civil Procedure, and the court acts thereon, granting the order, such order will be good and valid, notwithstanding that the court in its discretion might have, before making such order, required further proof to be made. The affidavit in this case plainly and directly stated that the defendant never had been a resident of the state of California, that she never had resided in the state, and that her home and residence was in Lynn, Massachusetts, the particular street number being given. These statements were sufficient *prima facie* to support a valid order of publication. (*McKendrick* v. *Western Zinc Min. Co.*, 165 Cal. 24, [130 Pac. 865].) The important thing was to prove to the satisfaction of the judge making the order for publication that the defendant did not reside within the state. All that the rule of the superior court to which our attention has been called requires is that in making proof of the facts as to the residence of an absent defendant, the affidavit ''must also give the information upon which such statement of residence is made, and if the information is contained in a letter, such letter must be attached to the affidavit.'' If the allegations of the affidavit were sufficient to warrant the conclusion that the fact was that the defendant resided out of the state at the time of the application, regardless of whether the rule of the superior court had been strictly followed or not, the order for publication of summons would be fully authorized under the section of the code we have mentioned. There is no doubt of the right of a judge to vacate an order for publication of summons where, upon examination of the affidavit, he finds a total lack of a statement of facts sufficient to authorize the order to be made in the first instance; and we may say further that such right might exist where it appeared that the affidavit was fraudulent. No such ground as the last mentioned is suggested here. The fact that a different judge than the one who made the first order acted in attempting to set it aside, is of no moment. The second-named judge would have no greater authority—and no less—than the judge who first examined the affidavit and passed upon its sufficiency. We think that the petitioner is entitled to the relief asked for.

It is ordered that a peremptory writ of mandate issue requiring the respondent court to reset the cause on the trial calendar and hear the same within such reasonable time as may be convenient, considering the business of the court. Petitioner to recover his costs herein incurred.

Conrey, P. J., and Shaw, J., concurred.