[Civ. No. 15509.   Second Dist., Div. One.   Mar. 11, 1947.]

CHARLES EMIL HUBERT, Appellant, v. PANG PAO CHI HUBERT, Respondent.

Brinton N. Bowles for Appellant.

No appearance for Respondent.

DORAN, J.—This is an appeal from an order vacating and setting aside the service of summons and complaint, and interlocutory and final judgments of divorce based thereon. The husband, appellant herein, filed a complaint for divorce on November 16, 1942, alleging cruelty and desertion by the respondent wife. According to the appellant's brief, "Appellant is of the Caucasian race, and while serving in the United States Navy in the orient met respondent and married her. Respondent is a Chinese woman, and according to her affidavit appearing in the record, was a resident of Shanghai, China, and had been from 1937 until a few weeks prior to the filing of her motion herein involved." On November 17, 1942, the appellant husband filed the conventional affidavits for publication of summons, affirming that the wife's residence was outside the State of California, the address being given as #49 Fook Tien Terrace, Lane 362, Medhurst Road, International Settlement, Shanghai, China." The affidavit further stated that affiant "received a letter from defendant in November of 1941, and she was at that time still living at the above address. The said letter was lost on the U. S. Aircraft Carrier 'WASP' which sank in the Pacific Ocean several months ago, and on which ship affiant was stationed." Thereafter, an order was duly entered directing that service of summons to be made "upon the defendant Pang Pao Chi Hubert by publication in the Los Angeles Daily Journal" at least once a week for two months. The court further ordered that "a copy of the summons and complaint in this suit be forthwith deposited in the United States Post Office, postpaid, directed to said defendant at said place of residence," plaintiff's then attorney being appointed to perform that duty; the order specifying that "He shall send said envelope with its contents enclosed as *registered matter*." (Appellant's italics.) On November 25, Attorney George H. Pratt, representing the plaintiff, presented a further affidavit reciting that "on November 24, 1942, he presented for registration . . . a letter containing said Summons and Complaint addressed to the de-

fendant at #49 Fook Terrace, Lane 362, Medhurst Road, International Settlement, Shanghai, China; that he was at that time and place informed by the clerk that no registered mail was being accepted for delivery in Shanghai, China, and the clerk of said Post Office refused to accept the letter offered by affiant,'' for which reason affiant asked permission to ''mail said letter to said defendant by ordinary mail.'' An order was thereupon entered permitting the summons and complaint to be sent by ordinary mail, which order was duly complied with. The record further discloses an affidavit of publication in compliance with the original order. Thereafter, on May 7, 1943, a default interlocutory judgment of divorce was awarded the appellant, and on June 13, 1944, a final divorce judgment was entered at the request of plaintiff's attorney.

It further appears that on December 1, 1945, Donald C. Bodwell, as attorney for the defendant, filed a notice of special appearance for the sole purpose of setting aside the alleged service by publication and vacating both interlocutory and final judgments of divorce, for the reason that ''the copy of the Summons and Complaint was not mailed by registered mail,'' and that ''the court had no jurisdiction over the person of the plaintiff or of the marriage res.'' Defendant's affidavit filed in support of the motion to quash, denied plaintiff's allegations of cruelty and desertion, and alleged that ''at all times from 1937 until the last few weeks, she was in Shanghai, China; that the Japanese army began to take over control of Shanghai, China in 1939 and 1940 and were in complete control from December 1941 until the Japanese capitulation; that a state of war existed between the United States and the Japanese nation during said period of time; that there was no communication by mail between Shanghai, China and the United States during said period of time.'' Attached thereto was an envelope with the letterhead of plaintiff's attorney, addressed to the defendant, marked ''Returned to Sender by Censor,'' the return postmark being dated December 14, 1942. The affidavit further stated ''that affiant (the wife) had no knowledge of the filing or pendency of this action until one week ago, when she was informed in San Francisco by the plaintiff herein, of the action which he had taken.'' The record further discloses that on December 27, 1945, Judge Harold B. Jeffery, who had heard the original interlocutory divorce, made an order quashing the service of summons and vacating the interlocutory and final judgments of divorce.

Plaintiff now appeals from this order. After notice of appeal had been filed, and on June 3, 1946, Donald C. Bodwell, who had previously appeared specially on behalf of the defendant wife and had secured the order appealed from, moved the court "for an order substituting Pang Pao Chi Hubert In Propria Persona in the place and stead of Donald C. Bodwell as attorney of record . . . on the ground that said Donald C. Bodwell desires said substitution." The attorney's affidavit affirmed that "he has not seen the defendant since the date of the submission of defendant's Motion to Quash Service, etc., in the month of December, 1945"; that affiant had not heard directly from the defendant but had heard indirectly from another person in San Francisco asking Bodwell to act as defendant's attorney, but that no arrangements had been made for payment of costs or attorney fees on appeal. This motion was granted on July 11, 1946. The record reveals no further activity by or on behalf of the defendant wife, nor does any respondent's brief appear of record. Appellant's brief thus comments on the respondent's judicial inactivity: "It is interesting to note that since the granting of the motion and within a very short time thereafter, the defendant and respondent sailed for Shanghai, China, and did not do the one thing the granting of the motion herein contemplates, to wit, defend the action or file her counter suit. The purpose of the motion . . . is so that the matter might be heard on its merits, the purposes therefore being defeated."

The basic question on this appeal concerns the validity of the court order permitting appellant to send the copy of summons and complaint to respondent by ordinary mail rather than by registered mail as required by the order of publication and rule 26 of the superior court. Appellant's brief contends that this order, made necessary by the exigencies of war and the refusal of the post office authorities to accept registered mail, is valid; that such order having been complied with, the court acquired jurisdiction to enter the interlocutory and final judgments of divorce. The subsequent order vacating the divorce, from which order this appeal is taken, recites that "the said default and interlocutory and final decrees were rendered against said defendant without service of summons in any manner upon or appearance by her, and . . . that this is a proper case for exercise of the Courts equitable powers."

At the outset it may be noted that sections 412 and 413 of the Code of Civil Procedure providing for service by publi-

cation, make no requirement that the copy of summons and complaint be sent by registered mail. Section 412 provides for such substituted service "Where the person on whom service is to be made resides out of the State," and appellant's affidavit for the order of publication originally issued in this case, sets forth all that is required to invoke the order made. Section 413 provides for the publication of summons in a newspaper "designated as most likely to give notice to the person to be served," with the additional requirement that "where the residence of a non-resident or absent defendant is known, the court, judge, or justice, must direct a copy of the summons and complaint to be forthwith deposited in the post office, directed to the person to be served, at his place of residence." Rule 26 of the superior court, however, requires the copy to be sent by registered mail, and pursuant to this rule the original order of publication directed that the attorney "shall send said envelope with its contents enclosed as *registered matter.* (Italics added.) As hereinbefore stated, appellant's attorney attempted, in good faith, to comply with such requirement but was prevented from so doing by reason of the existence of a state of war, and did comply with the later order directing the use of ordinary mail.

The language of *Klokke Investment Co.* v. *Superior Court,* 39 Cal.App. 717, 719, [179 P. 728], is directly applicable to the present case: "Assuming that the case was one within section 413 of the Code of Civil Procedure (where the residence of the defendant is known), the statute was satisfied when the mailing was made as therein required. The acts necessary to give jurisdiction, as specified in an act of the legislature, cannot be added to or limited by rule of court." See, also, *Porter* v. *Superior Court,* 30 Cal.App. 608 [159 P. 222]. A similar pronouncement is found in *Helbush* v. *Helbush,* 209 Cal. 758, 763 [290 P. 18], where the court said: "Rules of court are adopted to facilitate the business of the court and for the convenience of litigants. . . . But 'the acts necessary to give jurisdiction, as specified in an act of the legislature, cannot be added to or limited by a rule of court,' " quoting from the Klokke case hereinbefore cited. As pointed out in the appellant's brief, "It is obvious from the provisions of Sections 416 and 412 of the Code of Civil Procedure that actual receipt of the envelope containing the copy of summons and complaint is not contemplated, . . . in other words it is not the actual knowledge of the existence of the action but rather a notice of

its existence which is required, . . . it means the statutory instrumentality of knowledge; the form and process emanating from the source and served in the manner prescribed by statute." In this connection it may be noted that section 416 provides that "From the time of the service of the summons and of a copy of the complaint in a civil action, *or of the completion of the publication when service by publication is ordered, the court is deemed to have acquired jurisdiction of the parties* and to have control of all the subsequent proceedings." (Italics added.)

A consideration of the above citations, together with the circumstances leading up to the order which permitted the use of ordinary mail in place of registered mail when the latter method of communication became impossible, leads to the conclusion that, in the discretion of the issuing court, such order was fully justified. ■ Before granting an order for publication of summons, the court in its discretion, may require further proof of a defendant's nonresidence than that contained in the affidavit presented. (*Porter* v. *Superior Court,* 30 Cal.App. 608, 611 [159 P. 222].) ■ So likewise, in the situation here presented, it was clearly within the discretion of the judge to recognize the emergency created by war and to authorize the only form of mailing permitted by the post office authorities. As hereinbefore pointed out, sending of the papers by ordinary mail fully complied with the statute. ■ Due proof of mailing and of publication of the summons, appear of record. By reason of these facts, the superior court then became vested with jurisdiction to hear the case, and to enter the interlocutory and final judgments; hence the order of December 27, 1945, which purports to set aside the service of summons and to vacate the divorce, was unwarranted.

The order appealed from is therefore reversed.

York, P. J., and White, J., concurred.