[No. A028677. First Dist., Div. Three. Apr. 27, 1987.]

ANGELO QUARANTA et al., Plaintiffs and Appellants, v.
ALFREDO MERLINI, Defendant and Respondent.

**COUNSEL**

Graydon S. Staring, Lillick, McHase & Charles, Daniel U. Smith, Eric G. Scheie and Gary E. Mass for Plaintiffs and Appellants.

C.D. Zappettini, St. Clair, Zappettini, McFetridge & Griffin and Cyril Viadro for Defendant and Respondent.

**OPINION**

**BARRY-DEAL, J.**—This is an appeal from a judgment of dismissal of an action for failure to serve and return the summons within the three-year period provided for in former Code of Civil Procedure section 581a.[1] We must decide whether it was error for the trial court to dismiss the action even though service by publication had earlier been ordered and effected after the statutory three-year period had run. We conclude that respondent was not amenable to service, that the statute of limitations was tolled, and that service was effected pursuant to the orders granting appellants' motions to serve by publication, as provided in section 415.50. We therefore hold that the dismissal was error and must be reversed.

*Facts*

The action arose out of a collision in San Francisco on November 16, 1979, of an automobile operated by appellant Giovanni Toccagino, in which appellant Angelo Quaranta was a passenger, and an automobile which had been rented from Hertz Rent-A-Car (Hertz), operated by respondent Alfredo Merlini. Appellants sustained injuries as a result of the collision and filed their complaint for damages on October 24, 1980, naming Merlini and Hertz as defendants. A demand letter and settlement offer were sent to defendant

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

Hertz, and settlement negotiations were undertaken between appellants and Hertz. Hertz rejected appellant Quaranta's settlement offer on January 25, 1982, and was served with the summons and complaint on July 7, 1982.

Appellants attempted without success to locate respondent by checking tax rolls, voter registries, telephone directories, and city directories. Additionally, appellants made inquiries as to respondent's whereabouts in conversations with Hertz's insurance adjuster, but Hertz apparently did not have that information. In late 1982 or early 1983, appellants learned through conversations with "members of the Italian community" in San Francisco that respondent, who was possibly a seaman, was a citizen of Italy and had been residing there since 1980. On January 20, 1983, appellants filed a motion to serve process on respondent in Italy by letter rogatory pursuant to section 413.10, subdivision (c). The motion was granted, and between May and November of 1983, appellants unsuccessfully attempted to serve respondent three times under two different names at three different addresses in Florence, Italy, by means set out in the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, or the Hague Service Convention (20 U.S.T. 361-373, T.I.A.S. 6638).[2] Service was not effected in Italy because each time service was attempted, respondent could not be located at the given address or had moved.

On June 20, 1983, counsel for Hertz wrote a letter to counsel for appellant Quaranta obtaining a stipulation by which appellants agreed to "keep open" the time for Merlini to demur, answer, plead, or otherwise move in the matter. It was the position of Hertz's counsel that Hertz wished to locate respondent in Italy and to make certain he had been served before Hertz's counsel filed respondent's answer to the complaint. On October 24, 1983, three years had expired since appellants' complaint was filed. On March 2, 1984, appellant Quaranta applied ex parte for, and was granted, an order for publication of summons. The summons was published four times in the Recorder, a San Francisco legal newspaper, between March 23 and April 13, 1984. Thereafter, appellant Toccagino also obtained an ex parte order for publication of summons in the Recorder. The summons was published four times between May 30 and June 20, 1984.

On May 7, 1984, respondent, appearing specially,[3] moved to dismiss

---

[2]The text of the convention can be found following rule 4 of the Federal Rules of Civil Procedure (28 U.S.C.A., 1986 pocket pt., pp. 92-98). The United States became bound by the Hague Service Convention on February 10, 1969. The convention entered into force for the Italian Republic on January 24, 1982. (Fed. Rules Civ.Proc., rule 4, 28 U.S.C.A., 1986 pocket pt., pp. 98, 101.)

[3]Respondent was represented throughout the proceedings by Hertz's attorney. Appellant Quaranta, in his reply brief, argues that such representation was not authorized, and therefore respondent's appearance at the hearing constitutes a general apearance. Appellant did not object to the representation at the hearing and cannot argue the issue on appeal. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, §§ 307, 311, pp. 317-318, 321-322.)

appellants' complaint for failure to serve and return the summons within three years, pursuant to former section 581a. On June 29, 1984, the motion to dismiss with prejudice was granted. The trial court stated that respondent in fact was amenable to service and that, in any event, appellants could have served respondent by publication before the statute of limitations ran while they were attempting to serve him personally in Italy. Judgment was entered on August 23, 1984, and notices of appeal were timely filed.

## Discussion

Former section 581a, repealed as of January 1, 1985, is the applicable section in this case.[4] That section provided, in pertinent part: "(a) No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the action shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of the action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action. ... [¶] (d) The time during which the defendant was not amenable to the process of the court shall not be included in computing the time period specified in this section. ... [¶] (f) Except as provided in this section, the provisions of this section are mandatory and are not excusable, and the times within which acts are to be done are jurisdictional. Compliance may be excused only for either of the following reasons: [¶] (1) Where the defendant or cross-defendant is estopped to complain. [¶] (2) Where it would be impossible, impracticable, or futile to comply due to causes beyond a party's control. However, failure to discover relevant facts or evidence shall not excuse compliance."

Former section 581a was designed to move suits expeditiously toward trial; however, it conflicts with "the 'strong public policy' that seeks to dispose of litigation on the merits rather than on procedural grounds. [Citation.]" (*Barrington* v. *A. H. Robins Co.* (1985) 39 Cal.3d 146, 152 [216 Cal.Rptr. 405, 702 P.2d 563].) By its own terms, former section 581a made dismissal mandatory upon expiration of the statutory period, absent some tolling of the period or excuse from compliance. Here, appellants each

---

[4]See section 583.160, subdivision (a): "(a) A motion for dismissal made pursuant to notice given before, on, or within one year after the effective date of this chapter is governed by the applicable law in effect immediately before the effective date and for this purpose the law in effect immediately before the effective date continues in effect." (See also *Republic Corp.* v. *Superior Court* (1984) 160 Cal.App.3d 1253, 1257-1258 [207 Cal.Rptr. 241].)

obtained an ex parte order from the trial court to serve the summons on their complaint by publication pursuant to section 415.50.[5] Both ex parte applications for those orders were made after October 24, 1983, when three years had passed since the complaint was filed. ■ Because more than three years elapsed from the filing of the complaint to the service of summons, the burden falls on appellants to establish that the facts of this case bring it within an exception to the general rule requiring dismissal. (*Paul* v. *Goodwin* (1986) 186 Cal.App.3d 1407, 1411 [231 Cal.Rptr. 361].)

■ In their ex parte applications for publication of summons, appellants recognized that three years had run since they filed their complaint, but contended that their applications should be granted because respondent had not been amenable to process under former section 581a, subdivision (d). In its orders for publication of summons, the court stated that, based upon the evidence presented to it, respondent could not "with reasonable diligence be served in any other manner . . . ." The trial court impliedly found that, as contended by appellants, respondent was not amenable to the court's process and that the time allowed for service under former section 581a was therefore tolled.

In his motion to dismiss, respondent argued that dismissal was mandatory because he had not made a general appearance, had not stipulated to an extension of time for service, and had been amenable to service, and that appellants had failed to exercise reasonable diligence in effecting service.

At the June 27, 1984, hearing, the court concluded that respondent had been amenable to service, and, in any event, appellants could have served respondent by publication within the three-year statutory period.

---

[5]Section 415.50 provides: "(a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that: [¶] (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action; or [¶] (2) The party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of the court or the relief demanded in the action consists wholly or in part in excluding the party from any interest in the property. [¶] (b) The court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served and direct that a copy of the summons, the complaint, and the order for publication be forthwith mailed to the party if his or her address is ascertained before expiration of the time prescribed for publication of the summons. Except as otherwise provided by statute, the publication shall be made as provided by Section 6064 of the Government Code unless the court, in its discretion, orders publication for a longer period. [¶] (c) Service of a summons in this manner is deemed complete as provided in Section 6064 of the Government Code. [¶] (d) Notwithstanding an order for publication of the summons, a summons may be served in another manner authorized by this chapter, in which event the service shall supersede any published summons."

We find *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736 [329 P.2d 489] dispositive. In that case, the plaintiff appealed from, inter alia, an order dismissing its action pursuant to former section 581a for failure to serve the summons within three years. The plaintiff had filed the action on December 15, 1952, but did not attempt to serve the defendant until December 12, 1955. (*Id.,* at p. 738.) The plaintiff attempted to serve the defendant several times at the defendant's home and office between December 12 and 15, but he could not be located. (*Ibid.*) On December 15, the plaintiff obtained an ex parte order authorizing service by publication based on the finding that the defendant was concealing himself, as authorized by former section 412. (*Id.,* at pp. 738, 739.) The defendant, however, was personally served on December 22. (*Ibid.*)

The defendant thereafter moved to quash service and dismiss the action for failure to comply with former section 581a. In his affidavit, he stated that he had not been concealing himself. His motion was granted. (*Id.,* at pp. 738-739.)

The Supreme Court reversed. The court declared that the initial order granting publication premised on a finding that the defendant had concealed himself stood as a binding adjudication which could not be countermanded by the order of dismissal. (*Id.,* at pp. 739-740.) Quoting *Rue* v. *Quinn* (1902) 137 Cal. 651, 655-656 [70 P.732], the court stated: " 'In making the order for the service by publication the [court] *acts judicially upon the evidence* which the code requires to be presented to [it] for that purpose, and can act upon no other evidence than such as is prescribed by the code.... [The court's] *decision ... is to be regarded with the same effect as is* [*its*] *decision upon any other matter of fact submitted to* [*its*] *judicial determination.*' (Emphasis added [by the *Wyoming Pacific* court].)" (*Wyoming Pacific Oil Co.* v. *Preston, supra,* 50 Cal.2d at p. 739.)

The *Wyoming Pacific* court further stated: "It is settled law in California that 'a valid order made *ex parte* may be vacated only after a showing of cause for the making of the latter order, that is, that in the making of the original order there was (1) inadvertence, (2) mistake, or (3) fraud.' [Citation.] Such order may not be set aside simply because 'the court concludes differently than it has upon its first decision.' [Citations.] Here there has been no showing that the [court which] made the order for publication of summons against [defendant] acted inadvertently or through mistake, or that [it] was imposed upon. [Defendant] has never directly challenged the finding of concealment as contained in the order; he has never moved to set the order aside; and the order, being fully supported by the affidavits furnished by plaintiff prior to its making, stands as a binding adjudication. [Citation.] Although the record does not reflect the trial court's reasoning in granting

[defendant's] motion to dismiss, that court could not have proceeded, in the light of the prior binding adjudication, upon the theory that [defendant] had not in fact concealed himself to avoid service. The question is therefore presented of whether the trial court properly dismissed the action under section 581a of the Code of Civil Procedure when personal service upon [defendant] was actually accomplished within a relatively few days following the making of the prior order." (*Id.,* at pp. 739-740.)

The Supreme Court concluded that, based on the facts of the case, dismissal was an abuse of discretion. (*Id.,* at p. 741.) At the time the action was filed, former section 581a made an exception to mandatory dismissal for failure to serve within three years where the failure occurred while the defendant secreted himself or herself to prevent service.

In the case under consideration, there has been no showing of inadvertence, mistake, or imposition in the trial court's ordering service by publication. The orders to publish the summons have not been directly challenged, and appellants' declarations fully supported those orders.

█ It is well established that an order for service by publication requires that the necessary facts be established to the satisfaction of the court. If the affidavit presents facts sufficient to establish the conditions required by section 415.50, and "the court acts thereon, granting the order, such order will be good and valid, notwithstanding that the court in its discretion might have, before making such order, required further proof to be made." (*Porter v. Superior Court* (1916) 30 Cal.App. 608, 611 [159 P.222]; see also *Klokke Inv. Co. v. Superior Court* (1919) 39 Cal.App. 717, 720 [179 P.728].)[6] █ Pursuant to *Wyoming Pacific Oil Co. v. Preston, supra,* 50 Cal.2d 736, therefore, the implied finding that respondent was not amenable to process stands as a binding adjudication. Under the facts of this case, appellants were diligent in obtaining orders for service by publication. Thus, the trial court abused its discretion when it granted respondent's motion to dismiss appellants' action.

█ Even if the orders permitting service by publication did not stand as binding adjudication, we would find that the court abused its discretion in dismissing the action because former section 581a was tolled.

Because respondent is an Italian citizen, appellants were required to attempt service pursuant to the Hague Service Convention. (See, in general, *Shoei Kako Co. v. Superior Court* (1973) 33 Cal.App.3d 808, 818-822 [109

---

[6]The *Porter* case considered former section 412, whose provisions, with certain amendments, have been recodified in section 415.50.

Cal.Rptr. 402].) Appellants obtained an address for respondent through the Registry of Vital Statistics of the City of Florence, Italy, in May 1983. When service was attempted at that address, respondent was no longer living there. Other attempts to serve him at different addresses were also unsuccessful.

This court in *Adelson* v. *Hertz Rent-A-Car* (1982) 133 Cal.App.3d 221, 226-227 [183 Cal.Rptr. 779], discussed the term, "not amenable to process": "Where there are procedures by which a defendant may be served, and, through the exercise of reasonable diligence, the possibility of effecting that service exists, the defendant cannot be considered 'not amenable to process.' [Citations.]" In the instant case, there were procedures by which respondent might be served; however, despite the exercise of reasonable diligence, it was impossible to effect that service. Appellants checked public records and requested respondent's address from Hertz, but were unable to locate him. When they learned that he resided in Italy, appellants sought to locate and serve respondent through the procedures outlined in the Hague Service Convention. Respondent, a seaman, could not be found and was not amenable to service within the meaning of former section 581a.

Respondent nevertheless insists that service could have been effected pursuant to provisions in the Vehicle Code. Vehicle Code section 17451 designates the Director of the Department of Motor Vehicles as the agent for service for a nonresident who operates an automobile in California. However, the plaintiff must also serve the defendant either personally or by registered mail. (Veh. Code, §§ 17454, 17455.) Strict compliance is mandatory to obtain jurisdiction over a nonresident defendant. (*Varra* v. *Superior Court* (1960) 181 Cal.App.2d 12, 13 [4 Cal.Rptr. 920].) Here, jurisdiction could not be obtained because appellants had no valid address at which to serve respondent.[7]

■ Finally, we disagree with the argument that appellants could have served respondent by publication before the statute of limitations had run. The United States Supreme Court declared in *Mullane* v. *Central Hanover Tr. Co.* (1950) 339 U.S. 306, 314 [94 L.Ed. 865, 873, 70 S.Ct. 652]: "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. [Citations.]" Therefore, notice by publication is inadequate to inform defendants "who could be notified by more effective means such as personal service or mailed notice . . . ." (*Mennonite Board of Missions* v. *Adams* (1983) 462 U.S. 791,

[7]Vehicle Code sections 17459 and 17460, cited by respondent, are inapplicable because they contemplate service on a resident defendant.

795 [77 L.Ed.2d 180, 185, 103 S.Ct. 706].) Thus, during the time that appellants believed they had an Italian address for respondent, service by publication would not have satisfied the *Mullane* requirements.

### Conclusion

The judgment of dismissal is reversed, and the action is reinstated.

White, P. J., and Scott, J., concurred.