[Civ. No. 6555. Fifth Dist. Aug. 18, 1983.]

COUNTY OF TULARE, Plaintiff and Respondent, v.
GREG A. BOGGS, Defendant and Appellant.

COUNSEL

Richard Barron, under appointment by the Court of Appeal, Randall C. Lyon and Graciela Martinez-Moreno for Defendant and Appellant.

William A. Richmond, District Attorney, Gary H. Evans and John S. Higgins, Deputy District Attorneys, for Plaintiff and Respondent.

OPINION

MARTIN, J.—Plaintiff filed a complaint to establish paternity for support and reimbursement of public assistance against the defendant on September 5, 1979. A proof of service states the summons and complaint were personally served on defendant on October 11, 1979, by Ronald F. Roadcap. A request to enter default was filed and entered by the clerk on December 5, 1979. A default judgment was entered on January 16, 1980, in which the court found that the defendant was the natural father of Brandy F., that the County of Tulare (hereinafter County) had expended funds in the amount of $3,096 for the support of the minor child, and that the defendant had the present ability to pay for the support of said minor child in the sum of $100 per month. The judgment for paternity, child support and reimbursement was personally served on the defendant on January 7, 1981. On April 1, 1981, defendant filed a notice of motion and motion to vacate default and set aside judgment. Said motion was denied on April 30, 1981.

Defendant filed a notice of motion and motion for reconsideration and a motion to acquire blood tests on May 11, 1981. The motion for reconsideration was denied June 19, 1981. A notice of appeal was timely filed.

STATEMENT OF FACTS

In his motion to vacate default and set aside judgment, the defendant asserted: (1) that he had never been served with the complaint; (2) the failure to appoint a guardian ad litem for the minor Brandy F. rendered the judgment void; (3) that a conflict of interest exists between the County and the minor Brandy F.; and (4) that the judgment should be set aside as it was obtained in violation of the defendant's due process rights in that defendant was not properly notified of his right to have counsel appointed for him.

The minute order of April 9, 1981, indicates that at the hearing of defendant's motion to vacate default and set aside judgment, the defendant contended he was not personally served. The defendant and Ronald Roadcap, witness for plaintiff, whose signature appears on the proof of service of the summons and complaint were sworn and testified. No transcript of the hearing was provided on appeal. The court found that there was actual personal service. The remainder of the issues were taken under submission. The minute order of April 30, 1981, reads as follows:

"The court finds that appointment of a guardian ad litem for the minor was not required in this proceeding and does not affect the validity of a default judgment. (Welf. & Inst. Code, § 11350.1)

"If [*sic*] further appears that defendant received adequate notice of his right to have appointed counsel and that he simply ignored the matter. No good cause has been shown why defendant is entitled to relief from his default.

"Defendant's request is denied."

In his motion for reconsideration, appellant argued that minor Brandy F. is an indispensable party to the instant action and the judgment was therefore in excess of the court's jurisdiction and must be vacated. Appellant also moved for a court order requiring that blood tests be taken of all parties to determine if appellant is in fact the biological father of Brandy F. Appellant cites Evidence Code section 892 which provides: "In a civil action in which paternity is a relevant fact, the court may upon its own initiative . . . and shall upon motion of any party made at a time so as not to delay proceedings unduly, order the mother, child and alleged father to submit to blood tests . . . ."

Appellant asserted that the doctrine of res judicata could not be applied to a judgment of paternity in an action brought under Welfare and Institutions Code section 11350.1 since that section provides that were the parties to bring an independent action under the family law act, or otherwise litigate the issue of support, the court in such proceedings shall make an independent determination on the issue of support which shall supersede the order made pursuant to this section. The minute order of June 19, 1981, states: "The motion for reconsideration is denied" with no mention being made of the motion for blood tests. The right to blood tests was not an issue raised by this appeal.

## DISCUSSION

### I. IS THE DEFAULT JUDGMENT VOID FOR FAILURE TO PROPERLY JOIN AN INDISPENSABLE PARTY?

Appellant contends that the minor, Brandy F., is an indispensable party and the failure to join her as a formal party to the action rendered the judgment void.

If void, the trial court retains equitable jurisdiction to vacate the judgment. (See e.g., *Flood* v. *Templeton* (1907) 152 Cal. 148 [83 P. 148]; 5 Witkin, Cal. Procedure (2d ed. 1971) Jurisdiction of Courts, § 177, p. 3746.)

Appellant cites *Bank of California* v. *Superior Court* (1940) 16 Cal.2d 516 [106 P.2d 879] for the proposition that a party should be considered indispensable to an action that would inevitably affect the rights of that party. Appellant argues that the judgment in question has a financial impact on the child, determining not only the amount of child support the minor will be entitled to receive, but also determines the inheritance rights of the child and may determine whether the child will become obligated to support the individual found to be his or her father pursuant to Civil Code section 242, thus, inherently determining the identity of the child.

Appellant further asserts that since the courts have not hesitated to find that a judgment of paternity has no binding res judicata effect on the child if the child did not appear in the action through a guardian ad litem (*Ruddock* v. *Ohls* (1979) 91 Cal.App.3d 271 [154 Cal.Rptr. 87]) that the judgment of paternity binds only one of the parties and cannot be considered to provide "complete relief" as it leaves the parties to the original action subject to a "substantial risk" of incurring double, multiple or otherwise inconsistent obligations. (Code Civ. Proc., § 389.)

Furthermore, appellant contends that even though Welfare and Institutions Code section 11350.1 specifically authorizes the County to bring suit for a determination of paternity and child support on behalf of the minor, (1) the statute does not bar the respondent County from joining the child as a party in the action (*D. G.* v. *Superior Court* (1979) 100 Cal.App.3d 535, 542 [161 Cal.Rptr. 117]), and (2) the courts have nonetheless indicated that the real party in interest must be joined by the representative party where necessary to protect the best interests of the real party in interest. (*McClure* v. *Donovan* (1949) 33 Cal.2d 717 [205 P.2d 17]; *Straube* v. *Security First Nat. Bank* (1962) 205 Cal.App.2d 352 [23 Cal.Rptr. 213].)

This action was commenced under Welfare and Institutions Code section 11350.1 which provided, prior to the 1982 amendment, as follows: "Notwithstanding the provisions of any other statute, in any action brought by the district attorney for the support of a minor child or children, the action may be prosecuted in the name of the county on behalf of such minor child or children. The mother shall not be a necessary party in such action but may be subpoenaed as a witness. In an action under this section there shall be no joinder of actions, or coordination of actions, or cross-complaints and the issues shall be limited strictly to the question of paternity, if applicable, and child support. Nor shall such support or paternity action be delayed or stayed because of the pendency of any other action between the parties. Nothing herein contained shall be construed to prevent the parties from bringing an independent action under the Family Law Act or otherwise, and litigating the issue of support. In such event, the court in such proceedings shall make an independent determination on the issue of support which shall supersede the order made pursuant to this section."

The provisions of section 11350.1 clearly authorize a support action on behalf of a minor child without the appointment of a guardian ad litem, strictly limiting the issues in such proceeding to the question of paternity, if applicable, and child support. The action may be prosecuted in the name of the county on behalf of such minor child or children. The statute specifically provides an action under this section may be prosecuted "[n]otwithstanding the provisions of any other statute." By its own terms the statute expressly provides that the minor need not be made a formal party to the proceedings though he is the real party in interest. Although the district attorney may use a guardian ad litem for the minor in a section 11350.1 proceeding he is not required to do so, and the appointment of a guardian ad litem does not convert the proceeding into an action under the Uniform Parentage Act. (*D. G.* v. *Superior Court* (1979) 100 Cal.App.3d 535, 542 [161 Cal.Rptr. 117].)

In *Ruddock* v. *Ohls, supra,* 91 Cal.App.3d 271, the court noted the beneficial public policy in favor of the establishment of paternity and re-

quiring fathers to assume their support obligation but pointed out the issue of paternity determined in a marital dissolution action is not binding upon the child unless joined as a party. (Civ. Code, §§ 4363, 4606, 7008; Cal. Rules of Court, rules 1250, 1251, 1254; *Ruddock* v. *Ohls, supra,* 91 Cal.App.3d 271, 285.) The court adopted this rule by according full faith and credit to an Oregon decree of nonpaternity finding that the decree was binding upon the parties but did not resolve the independent rights of the minor child. (*Id.,* at p. 286.)

In the case of *Rynsburger* v. *Dairymen's Fertilizer Coop., Inc.* (1968) 266 Cal.App.2d 269 [72 Cal.Rptr. 102], the *Rynsburger* court determined that individual appellants were barred by the doctrine of res judicata from bringing an action for an injunction to abate a nuisance to prohibit respondent from conducting fertilizer operations where the cities of La Palma and Cypress had previously obtained a judicial determination that the respondent's operation did not constitute a public nuisance and would not do so if certain conditions were met. The court stated: "Where statutory authority to sue has been given specifically to a public entity by statute, a judgment rendered therein is res judicata as to all members of the class represented." (*Id.,* at p. 277.) The court further stated: "If it appears that a particular party, although not before the court in person, is so far represented by others that his interest received actual and efficient protection, the decree will be held to be binding upon him." (*Id.,* at p. 278.)

The public policy favoring the establishment of paternity and requiring fathers to assume their support obligations is a highly beneficial one. In the instant case, Brandy, although not an actual party to the proceeding, was so represented in the proceeding by the district attorney that her interest received actual and efficient protection. At the time this action was filed she was 15 months old. The judgment was entered months before her second birthday. The suggestion that appointment of guardian ad litem and joining her as a party to the proceeding would have changed or affected the outcome in any way is without merit. Welfare and Institutions Code section 11350.1 expressly provides that: "Notwithstanding the provisions of any other statute, in any action brought by the district attorney for the support of a minor child or children, the action may be prosecuted in the name of the county on behalf of such minor child or children." If appellant desired that the minor be made a party to the action he need only have appeared and brought an appropriate motion. He did not do so. The trial court's finding "that appointment of a guardian ad litem was not required in this proceeding and does not affect the validity of a default judgment" was not in error.

II. Should the Minor Child Nonetheless be Joined as a Party to Any Action Brought by the County for Reimbursement of Support?

Appellant submits that a county bringing an action on behalf of a minor child pursuant to Welfare and Institutions Code section 11350.1 is incapable of acting in a "proper representative capacity." Appellant argues that the County's purpose in bringing the action is typically, as here, primarily for reimbursement to itself for funds already paid to the minor child as public assistance. The County has a strong financial interest in obtaining a judgment of paternity against somebody, whether or not that person is in fact the father of the minor child. This interest "conflicts" with the interest of the child, i.e., that the determination of paternity be accurate.

In *D. G.* v. *Superior Court, supra,* 100 Cal.App.3d 535, the natural mother sought to replace a county employee as guardian ad litem for the child in an action brought pursuant to Welfare and Institutions Code section 11350.1. The mother contended a conflict of interest existed because of "divided loyalties." The court held with little comment that the argument failed since for purposes of the subject lawsuit those interests appeared identical. (*Id.,* at p. 545.) The court went on to say: "We do not say that a conflict of interest could never exist. It is conceivable that under some circumstances it might be in the best interest of a child not to have paternity established. However, petitioner has completely failed to present any evidence that such circumstances exist in this case. The California Supreme Court has expressly recognized that generally it is in the best interest of a child to have parentage determined. In *Salas* v. *Cortez, supra,* 24 Cal.3d 22, 33-34, the court stated: ' "If the child is to have anything, it must have a *right* to have his paternity ascertained in a fair and efficient manner." (Krause [Illegitimacy: Law and Social Policy (1971)], at p. 113, italics in original.) It is in the child's interests not only to have it adjudicated that *some* man is his or her father and thus liable for support, but to have some assurance that the correct person has been so identified.' " (*Id.,* at p. 545.)

No evidence was presented here that a conflict of interests exists; therefore, appellant's argument is without merit.

III. Did Respondent, County of Tulare, Fail to Give Proper Notice to Defendant of His Right to Be Represented by Counsel?

*Salas* v. *Cortez* (1979) 24 Cal.3d 22 [154 Cal.Rptr. 529, 593 P.2d 226] held that in proceedings to determine paternity in which the state appears as a party or appears on behalf of a mother or child, indigent defendants are constitutionally entitled to appointed counsel. (*Id.,* at p. 34.)

Appearing in all capital letters on the last line of the last page of the complaint in this case are the words "If You Are Unable to Afford an Attorney, the Court Will Appoint One to Represent You."

■ Appellant complains that the summons and complaint failed to disclose the steps that appellant was required to take in order to preserve his right and submits that *Salas* v. *Cortez* requires the defendant be advised on the face of the summons as to how he may obtain the assistance of appointed counsel.

The trial court determined that appellant received "adequate notice of his right to have appointed counsel and that he simply ignored the matter." Respondent relies on this determination and the "substantial evidence test" to support it.

Three points present themselves in this argument. First, whether a defendant to a paternity action pursuant to Welfare and Institutions Code section 11350.1 must be given notice of his right to appointed counsel. Second, whether that notice must be stated on the face of the summons of the complaint, and third, whether adequate notice also requires that the defendant be apprised of the procedural steps he must take in order to obtain appointed counsel.

In *Salas,* the court considered two consolidated cases. In each case the indigent defendant made a timely request for appointed counsel. The case does not mention or discuss notice requirements. This subject has not been broached in any of the subsequent cases which cite *Salas.*

### 1. *Is notice required?*

The *Salas* court observed "the membrane separating civil issues from criminal charges in paternity/support cases is especially thin." (*Gonzales* v. *Superior Court* (1980) 117 Cal.App.3d 57, 65 [178 Cal.Rptr. 358].) In requiring the appointment of counsel for an indigent defendant in a paternity action where the state is an adverse party, the court noted that the adjudication of paternity in a civil case could have significant bearing on any criminal proceedings which might follow pursuant to Penal Code section 270. (*Salas* v. *Cortez, supra,* 24 Cal.3d 22, 28-29.) Further, that "[u]nlike the ordinary civil litigant, appellants were opposed by the full resources of the state, marshalled on plaintiffs' behalf" and that plaintiffs were represented by the district attorney and prosecuted at public expense. (*Id.,* at p. 30.)

■ In criminal cases the notice of right to counsel along with notice that if the individual is indigent a lawyer will be appointed to represent him is necessary when an investigation has begun to focus on a defendant and a process of interrogation which lends itself to incriminating statements oc-

curs. (*Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]; *People* v. *Stewart* (1965) 62 Cal.2d 571, 577-579 [43 Cal.Rptr. 201, 400 P.2d 97].)

*Miranda* focused on a defendant's Fifth Amendment right to remain silent which is available "in all settings in which freedom of action is curtailed." The court stated: "Only by effective and express explanation to the indigent of this right can there be assurance that he was truly in a position to exercise it." (*Miranda* v. *Arizona, supra,* 384 U.S. 436, 467, 473 [16 L.Ed.2d 694, 719, 723].) Once warnings are given and the suspect indicates in any manner that he wishes to remain silent or consult with an attorney, interrogations must cease. (*Id.,* at pp. 474-475 [16 L.Ed.2d at pp. 723-724].) The "*Miranda* rights" must be given when the suspect is taken into custody, actual or constructive, i.e., deprived of his freedom in any "significant way." It is not required in every transitory informal or casual exchange between the police and the person in question. (*People* v. *Manis* (1969) 268 Cal.App.2d 653, 669 [74 Cal.Rptr. 423].)

In cases such as this there is no custody or curtailment of freedom of action, no interrogation prior to trial, except for the possible service of interrogatories, request for admissions or other use of the discovery statutes as permitted under Code of Civil Procedure section 2016 et seq. The complaint is an accusation. The civil litigant may admit or deny allegations appearing in the complaint within the time to answer. A failure to deny will be deemed an admission. (Code Civ. Proc., § 431.20.) A defendant in a paternity action can exercise his Fifth Amendment rights during the discovery process. (*Gonzales* v. *Superior Court, supra,* 117 Cal.App.3d 57, 65-70.) However, silence can and is used against a defendant in the form of a default judgment. This, in turn, could lead to criminal prosecution pursuant to Penal Code section 270. As the *Gonzales* court pointed out: "Here the threat of prosecution is not 'trifling' or 'imaginary' . . . the information gathered by the civil division of the district attorney's office could easily be delivered to the criminal division of that same office. More importantly . . . the present case does not involve some imaginary future crime. We are concerned here with possible criminal activity rooted in petitioners' past and current behavior, which could provide the predicate for a finding of criminal intent under section 270. In other words, while actual prosecution might lie in the future, the *threat* of such prosecution, and the incriminating behavior which forms the basis of that threat, dwell in the present." (*Gonzales* v. *Superior Court, supra,* 117 Cal.App.3d 57, 68.) (Italics in original.)

█ If an indigent defendant is constitutionally entitled to appointed counsel, as *Salas* dictates, he must also be given timely and adequate notice of that right.

### 2. Must the notice appear on the face of the summons?

Appellant states: "A summons must accurately apprise the party defendant of what steps he must take in order to preserve his or her rights. *Pinon* v. *Pollard* 158 P.2d 254 69 Cal.App.2d 129. The failure to accurately disclose what steps a party must take to preserve their rights in the summons is a jurisdictional defect. *Green* v. *Municipal Court of Englewood Judicial District* 51 Cal.App.3d 446 124 Cal.Rptr. 139. Appellant submits that *Salas* v. *Cortez* requires that the defendant in a paternity action be advised on the face of the summons as to how he may go about obtaining the assistance of appointed counsel. Certainly, this information to a defendant in such an action is as important as the information already required to be on the summons that the defendant has been sued and that he must file a written response within 30 days."

Initially it should be noted that *Greene* v. *Municipal Court* (1975) 51 Cal.App.3d 448 [124 Cal.Rptr. 139] held that a summons which illegally purported to shorten the defendant's time to plead was substantially defective and *Pinon* v. *Pollard* (1945) 69 Cal.App.2d 129 [158 Cal.Rptr. 254] held that a "notice must apprise the party of what is *required* of him." (*Id.*, at p. 133, italics added.)

The defendant is not required to seek appointed counsel. He may choose to seek or not to seek appointed counsel. Therefore *Pinon* v. *Pollard, supra,* 69 Cal.App.2d 129 does not support appellant's argument.

Section 412.20 of the Code of Civil Procedure sets forth those matters which must appear on the face of the summons. There is no argument that the summons in question complied with section 412.20. The requisite notice of right to appointed counsel was set forth at the end of the complaint in a separate paragraph in all capital letters. On a request for admission of genuineness of documents or truth of facts the Legislature provided that the original request contain substantially the following words at the *end* thereof: "If you fail to comply with the provisions of Section 2033 of the Code of Civil Procedure with respect to this request for admissions, each of the matters of which an admission is requested will be deemed admitted." (Code Civ. Proc., § 2033, subd. (a).) The Legislature determined that this very significant warning was adequate if given at the end of the document. We can discern no reason for a different rule in the instant case. Notice need not appear on the face of the summons.

### 3. Must the notice include procedural steps regarding obtaining appointed counsel?

There are practical differences to consider between the criminal cases and this type of paternity/support case. The criminal suspect must be informed

of his right to appointed counsel at the commencement of an in-custody interrogation. The confrontation is face-to-face. If the suspect requests an attorney, the interrogation ceases until an attorney is present. Should the authorities entertain the hope that further admissible evidence may be elicited, they may procure the presence of counsel. There is a sense of immediacy in this criminal context which is lacking in civil litigation. The civil litigant is not face-to-face with his accuser. He has more time to absorb the implications of the allegations in the complaint and decide the manner in which he wishes to proceed. There is no limitation as to the nature and extent of inquiry and investigation a civil litigant may engage in before taking any action on his own behalf. It does not appear to be an overwhelming burden to require the civil litigant to make an independent inquiry as to the manner in which he may obtain court appointed counsel. Notice of the right to appointed counsel is sufficient.

Affirmed.

Zenovich, Acting P. J., concurred.

**ANDREEN, J.**—I concur with parts II and III and with the result of the rest of the opinion.

Appellant's petition for a hearing by the Supreme Court was denied October 19, 1983.